GILBERT and others vs. JESS, imp.

*Deed or mortgage without witness, validity of — Notice by record — Bona fide purchaser.*

1. Neither by the common law nor by the territorial statutes of 1839 (p. 179, § 9), was it necessary that a deed of conveyance (whether an absolute conveyance or a mortgage) should be *witnessed*, to render it valid as between the parties thereto.

2. Where a deed is not so witnessed, etc., as to entitle it to record, an actual record thereof is not constructive notice to subsequent purchasers.

3. But one who purchases with *actual knowledge* of such unauthorized record, takes subject to the rights of the grantee therein named.

APPEAL from the Circuit Court for *Dodge* County.

Action to foreclose a mortgage executed by Barron, the grantor of the defendant *Jess*. It is alleged in the complaint that such mortgage was executed by Barron, on or about the 24th of August, 1848, to one Gilbert (the plaintiff's testator), as collateral security to a bond of the same date, and was duly acknowledged and delivered, and was afterwards, on the 26th of August, 1848, recorded in the proper register's office; that the defendant *Jess* claims an interest in the whole mortgaged premises, except five acres, by virtue of a deed from Barron, executed and delivered on the eleventh day of December, 1869; and that said *Jess*, "before and at the time he acquired said interest, and before and at the time said deed was made, executed and delivered as aforesaid, had actual knowledge of said mortgage, and also had actual knowledge that said mortgage at all the times aforesaid was a valid and subsisting lien upon said mortgaged premises, and prior to his said interest and deed."

The answer of the defendant *Jess* denies that any mortgage of the premises by said Barron to said Gilbert was recorded in the register's office on the 26th of August, 1848, or at any other time; and also denies that, on the 11th of December, 1869,

or at any other time, said defendant had actual notice of the existence of the mortgage mentioned in the complaint, or of any mortgage from Barron to Gilbert, or notice that any such mortgage was at any time a valid subsisting lien upon the premises or any part thereof. It then alleges the conveyance of the premises to *Jess*, partly in satisfaction of two mortgages (both subsequent to the one in suit), which he then held, he paying the balance in money and notes; and that, when he took or purchased said mortgages, and when he made such payment and took such deed, neither he nor his assignor, nor their agents, solicitors or attorneys, had any knowledge, actual or constructive, express or implied, of any right or claim to any part of the premises under any mortgage from Barron to Gilbert, or any notice or information whatever of the existence of any such mortgage.

The action was tried at the April term of the circuit court for Winnebago county, that being also a special term for the county of Dodge. The bond and mortgage mentioned in the complaint were received in evidence, under defendant's objection, and were in the usual form, except that the mortgage was not witnessed. The recording of the mortgage in the proper register's office on the 26th of August, 1848, and the subsequent conveyance of all the mortgaged premises, except about five acres, by Barron to *Jess*, were also proved. There was put in evidence a letter written by *Jess* in September, 1870, in reply to one from the agent for the collection of the mortgage, in which he says: "Before I bought the farm, I examined the title, and although there appears on record something purporting to be a mortgage, yet my counsel advised me that it was not even a cloud on the title, as it was not executed according to law, there being no witness to it;" and Barron testified that he told *Jess* of this mortgage before he conveyed to him, and also told him that it was pronounced good for nothing by certain attorneys who had examined it.

The court found, among other things, that the mortgage was

never executed in the presence of any subscribing witnesses so as to be entitled to record ; that *Jess* purchased the premises for value, in good faith, and without notice, actual or constructive, of the claim of the plaintiffs, or of any person, under the bond and mortgage mentioned in the complaint; and that said mortgage was not a lien upon the premises owned by *Jess*, but was a lien upon the remainder of the mortgaged premises.

Judgment in favor of the plaintiffs, as against the other defendants, for the foreclosure and sale of the premises owned by them ; but in favor of the defendant *Jess*, that the complaint be dismissed as to him, with costs.     From the latter portion of said judgment the plaintiffs appealed.

*E. C. Lewis*, for appellants, contended that an attesting witness is not necessary to the validity of a deed, citing 2 Black. Com., 295 ; 2 Phillipps' Ev. (5th Am. ed.), p. 388, note 425 ; *Long v. Ramsey*, 1 S. & R., 72.     Section 9, p. 179, Ter. Stats. of 1839, does not abrogate the common law mode of conveying land, but merely provides another form of deed.     *Myrick v. McMillan*, 13 Wis., 188 ; *Quinney v. Denney*, 18 id., 485.     It merely provides that a deed executed in a certain manner shall be good and valid, while the statute of Ohio directs how it *must* be executed ; and therefore the decisions in that state are not applicable here.     Even there, it has been held that a deed with only one witness conveys the equitable title. 1 Ohio, 350 ; 5 id., 191–2; 19 id., 21–24.

The mortgage in this case conveyed the equitable title at law, and only the naked legal title was conveyed to *Jess*, and that, subject to all the equities of which he had actual or constructive notice.     L. C. in Eq., Hare & Wallace's notes, pp. 135, 182, and cases cited.     Either the legal or equitable title is sufficient to entitle the mortgagee to the relief asked for.     The mortgage was properly and legally acknowledged, and therefore entitled under § 10, p. 179, Stats. of 1839, to be recorded ; and it was duly recorded, and thereby became constructive notice to all the world. 13 Wis., 190.     If not so, yet *Jess* had actual notice

of it, which is sufficient; and his relying upon its being invalid was a mistake of law, and no defense. 2 L. C. in Eq., 139; *Parker v. Kane*, 4 Wis., 1; *Taylor v. Baker*, 5 Price, 306; *Parry v. Watts*, 1 Hall & Tw., 266; 1 Mac. & G., 150; *Gibson v. Ingo*, 6 Hare, 112–124; *Brown v. Peck*, 2 Wis., 261; *Hodson v. Treat*, 7 id., 263.

*E. P. Smith* and *J. H. Dawes*, for respondent, argued that under § 9, p. 179, Stats. of 1839, an unwitnessed conveyance was ineffectual to pass the legal title, citing *French v. French*, 3 N. H., 254; *Smith v. Chamberlain*, 2 id., 440; *Merwin v. Camp*, 3 Conn., 35; *Jones v. Crawford*, 1 McMullan (S. C.), 373; *Craig v. Pinson*, Cheves, 272; *Allston v. Thompson*, id., 271; *Lessee of Moore v. Vance*, 1 Ohio, 1; *Wallace v. Minor*, 7 id., 252; *Patterson v. Pease*, 5 id., 190. 2. In this case the plaintiffs show no equitable claims to the consideration of the court, having lain by until within a few days of the expiration of the twenty years' limitation by statute for bringing suit, and showing no excuse therefor. 3. The record of the mortgage was not constructive notice. *Ely v. Wilcox*, 20 Wis., 523. An actual notice, to bind the purchaser, can only be given by a party interested, who speaks from knowledge. 2 L. C. in Eq., 112, 113; 2 Sug. Vend., 451, 452; *Jackson v. Van Valkenberg*, 8 Cow., 260; *Lamont v. Stimson*, 5 Wis., 443; *Kerns v. Swope*, 2 Watts, 78. 4. Even if *Jess* had sufficient notice to put him on inquiry, he did all that, under the circumstances, could be required of him. He sought information from the mortgagor, the mortgagee being a nonresident, and learned that the mortgage was good for nothing. 5. Under the statute in force when this mortgage was given, the title of a purchaser could not be defeated by any mortgage unless the same was " duly recorded." Stats. of 1839, p. 181, § 17.

COLE, J. The circuit court held the mortgage valid in respect to a portion of the mortgaged premises, and from this decision neither of the defendants has appealed. In determining

the question whether the mortgage is now a valid lien upon the other portions of the mortgaged premises, it is necesssary to consider whether it was essential that it should have been witnessed in order tó create such a lien as between the mortgagor and mortgagee, or as between the plaintiffs and a purchaser of the equity of redemption with actual notice of its existence. The mortgage was executed under the territorial statute of 1839. It was sealed and properly acknowledged, but not witnessed. And it is said that such an instrument was ineffectual to create even a lien upon real estate. In the case of *Myrick v. McMillan*, 13 Wis., 188, we had occasion to put a construction upon the provisions of the territorial statute in respect to the execution of deeds. There the deed was not acknowledged, and the question arose whether it was essential that it should be in order to pass the legal title, and it was held that it was not. This decision was followed in the case of *McMahon v. McGraw*, 26 Wis., 614, where it was again held that the legal title would pass, as between the parties, by a deed otherwise sufficient, even though not executed in such a manner as to entitle it to be recorded. In *Quinney v. Denney*, 18 Wis., 486, an objection was taken that an interest in land would not pass by a quit-claim deed which was not witnessed and acknowledged; but the objection was overruled. The question is not discussed at all, the case following that of *Myrick v. McMillan*. But the objection is now again raised, that, under this statute, a mortgage not witnessed was ineffectual to create a lien upon real estate; and we are referred to a number of decisions in support of the proposition. We have examined them, but they have failed to convince us that the construction heretofore placed upon the statute was erroneous. Some of these cases have arisen under statutes quite unlike, in some of their provisions, that of 1839; and of course the decisions made under them are inapplicable to the case at bar. This is true of the decisions in Ohio, and of the case of *Merwin v. Camp*, 3 Conn., 35. In the latter case there were negative words in the statute, which in effect declared

that no conveyance should be valid unless witnessed and executed as therein prescribed. In *Allston v. Thompson*, Cheves,. 271, and *Craig v. Pinson*, id., 272, a deed without a subscribing witness. or with only one, was held not a valid deed to convey land; but it is said in the majority opinion that such an instrument had been held good as an agreement in writing to authorize equity to direct a specific performance, and it is a fair inference from the reasoning in that case that the court would have so decided had that question been presented. The case of *Smith v. Chamberlain*, 2 N. H., 440, is more in point, although the precise question whether it was essential to the validity of a deed to pass real estate that it should be witnessed, was not really presented in that case.

There are no negative words in the statute of 1839 which declare that a conveyance, to pass title even as between the parties, must be witnessed and acknowledged; and therefore the objection to the mortgage before us really raises the question whether, by the principles of the common law, subscribing witnesses were essentially necessary to the validity of a deed. Upon that point the authorities are too emphatic and conclusive to admit of any serious discussion or reasonable doubt. In *Dole v. Thurlow*, 12 Met., 157–166, C. J. SHAW, in considering this question, says: "The rule seems to be well settled by authority that an attesting witness is not necessary to a deed;" and he cites numerous authorities in support of the remark. The same proposition is again affirmed by BIGELOW, C. J., in *Thatcher v. Phinney*, 7 Allen, 146–149, in almost the same language used by chief justice SHAW. Prof. Washburn, in his work on Real Prop., Vol 3, marginal paging 572, 3 ed., says that at common law attestation was not required in order to give validity to a deed. There is a very able and learned exposition of the law upon this subject by Judge HAYWOOD, in *Ingram v. Hall*, 1 Hayw. Law and Eq. R., by Battle, 222, which shows most conclusively that at common law a deed was valid without at-

testing witnesses.    And this being the case, we are of the opinion that, under the statute of 1839 (§ 9, p, 179), it was in no wise essential to the validity of a conveyance as between the parties, that it should be attested ; and that, consequently, the mortgage in the present case was effectual to create a lien upon the mortgaged premises.

This brings us to the question whether, upon the evidence, there is any reasonable ground for holding that the defendant *Jess* was an innocent purchaser of a portion of the mortgaged premises without notice of the existence of the mortgage.    The circuit court held that he was a purchaser in good faith, without notice, actual or constructive, of the mortgage.    In this conclusion we are unable to concur.    As the mortgage had not been witnessed, the record thereof would not have been constructive notice to a subsequent purchaser. *Ely v. Wilcox*, 20 Wis., 523.    But in this case *Jess* had actual notice of the existence of the mortgage before and at the time he purchased, as is conclusively shown by the testimony of the witness Barron, and by *Jess's* own letter of September 15th, 1870, introduced on the trial.    In this letter, when writing to Mr. Page about this mortgage, he says : " Before I bought the farm I examined the title, and although there appears on record something purporting to be a mortgage, yet my counsel advised me that it was not even a cloud on the title, as it was not executed according to law, there being no witnesses to it."    And, as just observed, it appears from Barron's testimony that *Jess* knew all about this mortgage before he purchased.    This testimony is not in any way contradicted or impeached.    Now it seems to us impossible to hold, upon such clear and uncontradicted testimony showing that *Jess* knew all about this mortgage before he purchased, that he was a purchaser in good faith, without notice, actual or constructive.    We therefore must hold that he purchased subject to the mortgage.

It follows from these views that the judgment of the circuit

court must be reversed, and the cause remanded with directions that the circuit court enter a judgment of foreclosure according to the prayer of the complaint.

*By the Court.*— So ordered.