WILLARD E. STEWART, PLAINTIFF IN ERROR, V. JAMES DAGGY, DEFENDANT IN ERROR.

**Guardian and Ward.** A judge of the district court has authority at chambers in a proper case to grant license to a guardian to sell the real estate of his ward.

ERROR to the district court for Lancaster county.

*Harwood & Ames,* for plaintiff in error.

*J. R. Webster,* for defendant in error.

MAXWELL, J.

The plaintiff purchased certain real estate at guardian's sale, and upon a motion being made to confirm the same, he filed exceptions thereto, which were overruled and the sale confirmed. He now brings the case into this court by petition in error. The question to be determined is the authority of the judge in vacation to grant license to sell.

Under the territorial laws, this power was conferred on the probate court of the proper county, but the gross abuse of the power in some of the counties led to the insertion of a provision in the constitution of 1867 depriving the probate courts of the authority to grant license, and conferred the same on the district courts. And the authority was continued in the constitution of 1875. The law in relation to decedents has, since the admission of the state into the Union, been amended by substituting the word "district" for "probate" before the word "court," in cases where authority is conferred to sell real estate. The change being made in this way, let us enquire the object of the provision, in order to ascertain the intent of the legislature in amending the law. It is pretty clear that the object was not to change the *procedure* or to require the proceedings to be conducted before a jury in open court. The sole object of

the change, so far as we can determine, was to place the matter in the hands of judges who would be free from local influences, and also, from their greater knowledge of the law, would be presumed to exercise greater care and circumspection in authorizing a sale. In granting a license, the duties of a judge of the district court are precisely the same as those of a judge of the probate court were under the territorial laws. The petition for license, showing the necessary facts, is to be filed in the district court, and all the proceedings therein, up to the confirmation of the sale, are to be had therein—that is, entered of record therein. But as under the territorial laws, as at the present time, the probate court consisted of but a single judge, who was his own clerk, and the court was always open for the consideration of matters relating to estates, the terms fixed by law being merely for the convenience of parties, but not essential to the jurisdiction of the court, so under the present statute the power is conferred on the judge, and may be exercised in open court or at chambers, as may be most convenient. In either case the hearing is before the judge, and he is to determine the necessity for a sale. If either party is dissatisfied with his decision, undoubtedly the judge has authority to sign a bill of exceptions setting forth the testimony in the case, and it may then be reviewed on error. The construction contended for by the plaintiff would amount to a practical denial of justice in most cases, from the length of time required to perfect a sale.

An additional reason is found in the fact that licenses to sell real estate have been issued in this way ever since the admission of the state. When the writer came upon the bench ten years ago he found such had been the practice by the judges of the supreme court, who at that time were also judges of the district courts. And the practice has been continued by all the judges of the district courts until the present time. The construction given to the statutes by the early judges by granting licenses, directing

Gibson v. Parlin.

and confirming sales made thereunder, has been accepted as a proper construction of the same. Had objection been made and the judges refused to issue licenses in this way, the legislature without doubt would have amended the the statutes so as to confer the power upon judges in vacation. Such a power was necessary to enable creditors to collect their claims against estates. And no valid reason can be given why they should be required to wait six months or a year before a petition could be presented to a court for its approval, with a further delay of one or two years perhaps, before the confirmation of the sale. This being a rule of property, which has been acted upon for many years, and valuable estates acquired under it, no change should now be made that would have the effect to deprive purchasers of their property. The license in the court below was properly issued and exceptions thereto were properly overruled. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.