WILLIAM DIETRICHS, PLAINTIFF IN ERROR, V. THE
LINCOLN AND NORTHWESTERN RAILROAD COMPANY,
DEFENDANT IN ERROR.

Railroad: APPEAL FROM AWARD: TITLE.   Where a railroad com-
pany has condemned certain real estate as the property of A,
it cannot on appeal from the award of damages prove that he is
not the owner without pleading such want of title.

ERROR to the district court for Platte county.   Tried
below before GASLIN, J., in the absence of POST, J.

McAllister Brothers, for plaintiff in error.

Marquett & Deweese and Whitmoyer, Gerrard & Post, for
defendant in error.

MAXWELL, J.

This case was before this court in 1881, and is reported
in 12 Neb., 225.   On the second trial in the district court,
a verdict was returned in favor of the plaintiff for the sum
of $10, and judgment rendered thereon.   The plaintiff
brings the cause into this court by petition in error.

It appears from the record that in March, 1880, lots 1
and 2 in block 75, in the city of Columbus, with the build-
ings thereon, were condemned by the defendant as the prop-
erty of the plaintiff, the award of damages being the sum
of $600.   The money was deposited with the county judge
by the company, with notice "not to pay said property
owners any of the money this day deposited with you."
The validity of such notice, where possession is taken of
the property condemned, is very doubtful; but the question
is not before the court.   The company then took possession
of the lots, and has retained the possession ever since.

The company filed no pleadings in the district court, nor
indeed tendered any issue of want of title to the plaintiff,

but on the trial objected to the evidence of title offered by him, and succeeded in having the same excluded. In this the court erred. *Republican Valley Railroad Co., v. Hayes,* 13 Neb., 489. *Gerrard v. O. & B. H. R. Co., ante* p. 270.

The plaintiff derived title as follows: In 1861, one Francis Smith obtained a patent from the United States for the E. half of the S.W. quarter of sec. 20, town 17 N., R. 1 E. of the 6th P.M. The same year Smith and wife conveyed to John P. Becker, as trustee for the Columbus Town Company, certain portions of said land, including the lots in controversy. Becker afterwards conveyed these lots with others to the Columbus company. The Columbus company afterwards conveyed said lots with others to Deborah and Henrietta Malcom. In 1869, Deborah Malcom conveyed to Alexander B. Malcom. This deed purports to convey the entire title, but the manner in which she acquired title from Henrietta does not appear. All of this testimony was admitted without objection.

In 1875, Alexander B. Malcom died, and one Ansel Briggs was appointed administrator of his estate, and it being necessary to sell the real estate in question, said administrator filed a petition for that purpose in the district court of Platte county, obtained an order of sale, and sold said lots to the plaintiff. The sale was thereafter confirmed, and a deed made to the purchaser.

The record of the deed was offered by the plaintiff on the trial of the cause in the court below to prove his title.

Various objections were made, not to the record but the deed, the principal one being that the license was granted in Polk county.

In *Stewart v. Daggy,* 13 Neb., 290, it was held that a judge at Chambers has authority to grant a license to a guardian to sell real estate. And in our opinion the fact that license was not granted in the county where the land lies, provided it was issued in the proper judicial district, is immaterial.

The plaintiff was called as a witness, and testified as follows:

Q. Are you acquainted with lots 1 and 2 in block 75 in this city?

A. Yes, sir.

Q. State who was in possession of those lots about the first of April, 1880, if you know?

The appellant objects for the reason that it is incompetent, irrelevant, and immaterial for the purpose except to show nominal damages.

The court: you may answer.

A. Myself.

Q. About how long prior to that time had you been in possession of this property?

A. About three years.

Q. Prior to the first of April, 1880?

A. About three years.

Q. How did you get out of the possession of that land?

The appellant objects as incompetent, irrelevant, and immaterial, and not the best evidence.

The appellee offers to show by this witness that the railroad company took possession of the land and put him out, and still holds the adverse possession of this property.

The appellant admits that the appellant company took possession of this property in the exercise of the right of eminent domain, and has ever since held possession of it, and still holds possession of it; that it is the identical property in controversy, and that the railroad company took possession of it about April 15, 1880.

Q. When and how was this action commenced with reference to this property?

The appellant objects as incompetent, irrelevant, and immaterial, and not the best evidence. Sustained.

Q. Mr. Dietrichs, did you put any improvements on these lots after the time that you got your title and before the railroad company took them from you?

A. I did.

The appellant objects to the testimony until the appellee has shown title, as incompetent, irrelevant, and immaterial.

So far as appears, the railroad company has only the title possessed by the plaintiff.

He was in possession, claiming to be the owner, and he was the only person made defendant in the proceeding.

Whatever interest he may have in the premises he is entitled to compensation for. This is but justice, and it is the condition upon which the right to condemn property depends.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.