HERREN and another vs. STRONG.

*January 14 — February 3, 1885.*

SALE OF LAND: DEED: RECORDING ACTS: EQUITY. *(1) Defective deed: Record: Evidence: Stipulation. (2) Interest under land contract vested: Quitclaim: After-acquired title held in trust: Sheriff's deed: Cloud upon title.*

1. A conveyance of land attested by but one witness is valid as between the parties thereto, but is not entitled to be recorded, and the record thereof is not evidence of the existence of the original deed. But where the parties to an action have stipulated that such a deed was executed and have made a certified copy of the record thereof a part of their stipulation, the deed must be treated as being in evidence in the case.

2. S., the defendant, contracted to sell certain land to T. and E. Before the completion of the contract T. quitclaimed to E. all his right and interest in the land. The deed was so defectively executed as not to be entitled to record, but was recorded. Payments for the land having been completed by an agent for T. and E., S. conveyed the land to them and, immediately thereafter, in an action against T., attached his interest in the land. E. then conveyed the land to the plaintiffs by a deed which was duly recorded. Subsequently, in the attachment suit, S. recovered judgment against T., and, at the execution sale, purchased the interest which T. had in the land at the date of the attachment or had subsequently acquired, and duly recorded the sheriff's deed. S. had no actual notice of the deed from T. to E. or of that from E. to the plaintiffs, but when the sheriff's deed was recorded the plaintiffs

were in the actual possession of the land.   In an action to cancel the sheriff's deed as a cloud upon the plaintiffs' title, *held:*

(1) By reason of their possession S. was chargeable with notice of the plaintiffs' title and, consequently, of the deed from T. to E. By the sheriff's deed he acquired, therefore, only the actual interest of T. in the land.

(2) At the time of the attachment T. merely held the legal title to an undivided half of the land as trustee for E.   The interest of T. under the contract was a vested equitable interest and had passed by the quitclaim deed to E.

(3) S. being, therefore, like. T., a mere trustee holding the legal title for the benefit of the plaintiffs, might be compelled to convey to them, and cannot complain of a judgment canceling the sheriff's deed.

APPEAL from the Circuit Court for *Portage* County.

This is an action in equity in the nature of *quia timet*, brought by the plaintiffs to procure the cancellation of a deed of certain lands therein described, executed by the sheriff to the defendant.   The complaint alleges that the plaintiffs are the owners in fee and in the actual possession of the lands described in such deed, and that the deed is a cloud upon their title.   The defendant in his answer alleges that he is the owner of an undivided half of such lands, and denies the right of the plaintiffs to the relief demanded. The lands in question are lots 505 and 523, in block 58, of Strong's addition to Stevens Point.

On the trial of the action the parties stipulated that the facts in the case are substantially as follows:   September 30, 1876, the defendant was the owner of said lots in fee, and on that day entered into an agreement in writing with D. T. Easley and A. J. Thomas, to convey the lots to them on the payment of a certain sum of money therefor in instalments. All of the instalments were paid by Easley and Thomas, the last of which was paid by the plaintiff *Herren*, as their agent, on October 21, 1879; upon which day, pursuant to the direction of *Herren*, the defendant executed a warranty deed of the lots to Easley and Thomas, as tenants in common.   This

deed was duly recorded October 24, 1879. The agreement above mentioned was so executed as to entitle it to record, and was duly recorded November 10, 1876.

On the day of the execution of the deed to Easley and Thomas,— October 21, 1879,— the defendant sued out a writ of attachment from the circuit court in due form of law, against the property of said Thomas, and caused the same to be levied upon his interest in the lots in question. Such proceedings were had in the attachment suit that the defendant recovered a judgment therein against Thomas, and his interest in such lots was afterwards duly sold under the execution issued on such judgment. The defendant was the purchaser at the execution sale, and on September 1, 1881, the sheriff executed to him a conveyance in due form of all Thomas's interest in such lots which he had October 24, 1879, or which he had afterwards acquired. This deed was duly recorded on the day it was executed, and is the deed, the cancellation of which is sought in this action. The foregoing is the defendant's chain of title.

The plaintiffs claim title to the lots under the following conveyances: May 26, 1879, A. J. Thomas and his wife executed to Easley a deed, in and by which they released, sold, conveyed, and quitclaimed unto Easley, his heirs and assigns, all their right, title, interest, claim, or demand to the lots in question. This deed was executed in the state of Colorado, was attested by but one witness, was acknowledged before a county judge, and is not accompanied by a certificate that it was executed according to the laws of Colorado. It was, however, recorded in the register's office, of Portage county (in which the land is situated), July 18, 1879.

October 28, 1879, Easley executed to the plaintiffs, as tenants in common, a warranty deed of said lots in due form, and the same was recorded in the proper office, November

14, 1879.   The defendant had no actual knowledge of either of the two last-mentioned deeds.

When this action was commenced, and before and ever since, the plaintiffs have been in the sole and actual possession of the lots, claiming title under the deed from Easley.

The court found the above facts, and, as conclusions of law therefrom, found as follows: " 1. That the said deed by said A. J. Thomas and his wife, Carrie, to said Easley, transferred to and vested in said Easley all the interest of the said Thomas in said lands at the time of such conveyance under said contract, and all that might thereafter come to him by virtue of said contract.   2. That whatever interest came to said Thomas by virtue of the defendant's deed to Easley and Thomas, immediately inured to said Easley as part of his title to said lands.   3. That on the 24th day of October, 1879, the said Thomas had no attachable interest in said lands, and the defendant acquired no interest therein by his said attachment.   4. That plaintiffs are the legal owners of said lands, and were such owners when the action was brought, were then, ever since have been, and are now in the actual possession, claiming to be the owners.   5. That the said attachment, certificate of sale, and the said sheriff's deed, are, and each of them is, a cloud upon the plaintiffs' title to said lands, and ought to be canceled.   6. That all the allegations of the complaint are true, and the plaintiffs are entitled to the relief demanded therein."

Judgment for the plaintiffs was rendered pursuant to such conclusions of law, from which the defendant appeals.

*Moses M. Strong*, appellant, *pro se*, contended, among other things, that the circuit court erred in its second conclusion of law, that " whatever interest came to Thomas by virtue of the defendant's deed to Easley and Thomas, *immediately inured to said Easley*," etc.   3 Washb. on R. P. (4th ed.), 93–96; 2 Preston on Abstracts, 410; *Sydnor v. Palmer*, 29

Herren and another vs. Strong.

Wis. 247; *North v. Henneberry*, 44 id. 306; *Brown v. Jackson*, 3 Wheat. 449; *Jackson v. Hubble*, 1 Cow. 613; *Blanchard v. Brooks*, 12 Pick. 47; *Comstock v. Smith*, 13 id. 116; *Allen v. Sayward*, 5 Me. 227; *Sweetser v. Lowell*, 33 id. 446; *Harriman v. Gray*, 49 id. 537; *Pike v. Galvin*, 29 id. 183; *Partridge v. Patten*, 33 id. 483; *Kimball v. Blaisdell*, 5 N. H. 535; *Bell v. Twilight*, 26 id. 401; *Dart v. Dart*, 7 Conn. 250; *Kinsman v. Loomis*, 11 Ohio, 475; *Graham v. Graham*, 55 Ind. 23; *Shumaker v. Johnson*, 35 id. 33; *Holbrook v. Debo*, 99 Ill. 372; *Frink v. Darst*, 14 id. 304; *Bruce v. Luke*, 9 Kan. 201; *Lownsdale v. Portland*, 1 Oreg. 397.

For the respondents the cause was submitted on the brief of *G. W. Cate.*

Lyon, J. While the complaint contains averments which would bring this case within sec. 3186, R. S., this action is not brought under the provisions of that statute alone, but is founded upon the inherent power of a court of equity to prevent or remove a cloud upon the title to real estate; and the relief which may be granted herein is not limited to that prescribed in the statute. *Pier v. Fond du Lac*, 38 Wis. 470; *Goodell v. Blumer*, 41 Wis. 436, and other cases there cited.

The right of the plaintiffs to the relief demanded in their complaint necessarily depends upon the existence of the conveyance of May 26, 1879, from Thomas and wife to Easley. Strike that deed from the plaintiff's claim of title, and it necessarily leaves the title in fee to an undivided half of the lots in question in the defendant. It is maintained by the defendant that because that deed is attested by but one witness, it was not entitled to be recorded in this state, and hence the record thereof is not evidence of the existence of the original deed. Such is the rule laid down in *Smith v. Garden*, 28 Wis. 685, and in many other cases in this court. But the rule has no application to this case, for

the reason that the parties stipulated that Thomas and wife "made, executed, acknowledged, and delivered to the said D. T. Easley a quitclaim deed of all their right, title, interest, claim, or demand" in and to the lots in question, and they annexed to and made a part of their stipulation a certified copy of the record of such deed. Beyond all question, under this stipulation the original deed was in evidence, and its exact terms were disclosed by the copy of the record.

The defendant freely concedes that, as between the parties thereto, such deed was valid, notwithstanding its defective execution, and conveyed to Easley whatever interest Thomas had in the lots, but claims that he stands in a different and better position than Thomas. This claim, as we understand it, is that having recorded his deed from the sheriff, and having no actual notice of the deed from Thomas to Easley, which was not properly of record, he takes under the registry laws the apparent interest of Thomas; that is, an undivided half of the lots. The answer to this is that when the sheriff's deed was recorded (which was on the day this action was commenced), and before that time, the plaintiffs were in actual possession of the lots, claiming title thereto under the deed from Easley. This was constructive notice to the defendant of their title, one of the muniments of which was the deed from Thomas to Easley. Being chargeable with such notice, the defendant took nothing under the sheriff's deed but the actual interest of Thomas in the lots.

This brings us to consider Thomas's relation to the title at the times mentioned. The deed from Thomas and wife to Easley certainly conveyed to the latter all the title and interest of the grantors in the lots. That interest was the equitable title to an undivided half thereof, with the right to the legal title on payment of the purchase money. Hence, when the purchase money was paid, the right to the legal title was in Easley, as well as the whole equitable title.

When the defendant conveyed the legal title to Easley and Thomas, the conclusion is inevitable that Thomas took the legal title to an undivided half of the lots as a mere trustee for Easley. He had no interest therein which he could enforce against Easley or the plaintiffs.

It was argued by the defendant that because the deed from Thomas to Easley is a mere quitclaim of the right, title, and interest of the grantor in the lots, the conveyance of the legal title to Thomas cannot inure to the benefit of Easley; that Thomas only conveyed a present interest, and is not estopped by his quitclaim to assert against his grantee an after-acquired title. Such is undoubtedly the general rule of law, and it is sustained by numerous adjudications. Many of these are cited in the brief of the defendant, and they show that under such a deed a contingent interest in the land so conveyed does not pass to the grantee, but only vested interests therein. But the right of Thomas to the legal title is not a contingent interest in any correct sense of the term, but a present vested interest. It is clear that had the legal title remained in Thomas, the plaintiffs could, in equity, compel a conveyance thereof to them. And because the defendant has no better claim than Thomas, it necessarily follows that they have the same remedy against the defendant.

The plaintiffs were entitled to a judgment that the defendant release to them whatever title he took under the sheriff's deed, and the judgment should, perhaps, have been in that form. But the plaintiffs are satisfied with it as it is, and the defendant is not injured by the judgment annulling the deed. It is the same to him whether his deed is canceled, or whether he be required to convey to the plaintiffs his interest in the lots by virtue of the deed.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.