Leinenkugel vs. Kehl and others.

LEINENKUGEL, Respondent, vs. KEHL and others, Appellants.

*December 7 — December 22, 1888.*

*(1) Deeds: Attestation: Validity. (2) Action to quiet title: Parties: Joinder of causes of action.*

1. A conveyance of land need not be witnessed in order to pass the legal title as between the parties.
2. In an action to quiet title to land and to have a certain deed declared valid, all persons claiming interests in the premises hostile to such deed and which would be affected by a judgment affirming its validity, may be made parties, although they claim separate parcels of the land; and there is no misjoinder of causes of action, although it is asked that the plaintiff's title under such deed be established as against the claims of all the defendants.

APPEAL from the Circuit Court for *Chippewa* County.

Action to have the plaintiff's claim to certain lands established, and to have the defendants enjoined and debarred from asserting their adverse claims thereto. The complaint alleges that the plaintiff is the owner and in possession of said lands. The conveyances constituting the plaintiff's chain of title are then set forth. One of such conveyances is "a quitclaim deed to the defendant *Mary Allen*, executed August 8, 1866, but not witnessed or acknowledged or recorded. The complaint shows that after the execution and delivery of such deed to said *Mary Allen*, she and her husband gave a mortgage of the premises; that such mortgage was foreclosed; and that the plaintiff holds the title under mesne conveyances from the purchaser at the foreclosure sale.

The complaint further shows that the defendants *Stanley* and *Kehl* claim to own portions of said lands under and by virtue of conveyances executed subsequent to said quitclaim deed of August 8, 1866, but by the same grantors, and that said defendants each well knew that his grantors had no interest or ownership in the land at the time their conveyances were executed. Other facts will sufficiently appear from the opinion.

The defendants each demurred separately to the complaint on the grounds that several causes of action are improperly joined and that it does not state facts sufficient to constitute a cause of action. From an order overruling the demurrers the defendants appeal.

For the appellants the cause was submitted on the brief of *Marshall & Jenkins*. They contended, *inter alia*, that a deed not sufficiently witnessed is inoperative to pass the legal title. *Doe v. Doe*, 37 N. H. 276. The law was the same at the time of the making of the deed, with reference to witnesses, as now. " All conveyances executed within this state of lands or any interest in lands therein, shall be

executed in the presence of two witnesses, who shall subscribe their names to the same as such." R. S. sec. 2216. A deed must be executed in the form and with those solemnities prescribed by the law where the land is situated, in order to have any validity. 1 Nat. Law Review, 292–4; *Cantu v. Bennett,* 39 Tex. 303; *Warrender v. Warrender,* 9 Bligh, 127–8; 2 Dwar. on Stat. 648; Story on Confl. of Laws, sec. 351*d*, 364; 2 Wait's Act. & Def. 506; *Crane v. Reeder,* 21 Mich. 26; 3 Washb. on Real Prop. (4th ed.), 238; *McLaughlin v. Randall,* 66 Me. 226. Several causes of action are improperly united. *Mrs. Allen's* claim is entirely separate and distinct from the claim of her co-defendants. The interest of each of the defendants is several and not joint. See R. S. sec. 2647; Bliss on Code Pl. sec. 123; *Hubbell v. Lerch,* 58 N. Y. 237; Pomeroy on Rem. sec. 483.

For the respondent there was a brief by *Hollon Richardson,* attorney, and *H. H. Hayden,* of counsel, and oral argument by *Mr. Richardson.* To the point that attestation was not essential to the validity of a deed as between the parties, they cited, besides cases cited in the opinion, 1 Devlin on Deeds, secs. 255, 464–5; *Dole v. Thurlow,* 12 Met. 157–166; *Kingsley v. Holbrook,* 45 N. H. 320; *Fitzhugh v. Croghan,* 2 J. J. Marsh. 429; *Price v. Haynes,* 37 Mich. 489; *Ricks v. Reed,* 19 Cal. 551–576; *Hepburn v. Dubois,* 12 Pet. 375; *Morton v. Leland,* 27 Minn. 35.

COLE, C. J. We agree with the plaintiff's counsel that it is immaterial on this appeal to inquire whether the action was brought under sec. 3186, R. S., or under the general powers of a court of equity to quiet title to real estate. In either aspect the plaintiff would be entitled to the relief asked if the evidence sustained the allegations of the complaint. The plaintiff alleges that at the commencement of the action he was the owner in fee simple and was in possession of the real estate described; and this allegation

with proof of the necessary facts would make out a case under the statute. But the vital question in the case, and the one upon which the controversy turns, is whether the deed to *Mary Allen* of August 8, 1866, passed the legal title as between the parties. It appears that that deed was not witnessed nor acknowledged, though in due form and sufficient in other respects to convey the title to the grantee. The contention of the defendants is that a deed not properly witnessed and acknowledged was inoperative to pass the title, even as between the parties thereto, under the statute then existing. Was, then, that deed valid?

This question is hardly an open one in this court. In *Myrick v. McMillan*, 13 Wis. 188, decided in 1860, it was held that an acknowledgment of a deed by the grantor was not essential to pass the legal title as between the parties to the instrument. It is true, the conveyance in that case was executed under the territorial statute of 1839. But there is no substantial difference between the territorial and state statute upon this subject, as an examination will show. The next case which involved the question is *Quinney v. Denney*, 18 Wis. 485. In that case we are confident that the deed under which the respondent claimed was neither witnessed nor acknowledged, though the report is not clear upon this point. The deed was executed in 1845, and the ruling in *Myrick v. McMillan* was followed. *McMahon v. McGraw*, 26 Wis. 614; *Gilbert v. Jess*, 31 Wis. 110; *McPherson v. Featherstone*, 37 Wis. 632,— presented the same question, and were determined the same way. In *Knight v. Leary*, 54 Wis. 460, it was held that the certificate of the acknowledgment of a deed was no part of its execution; and this arose under ch. 86, R. S. 1858. *Hewitt v. Week*, 59 Wis. 444–456, affirms this same principle. Attestation and acknowledgment are formalities required by the statute to entitle the deed to be recorded so as to operate as notice to subsequent purchasers, but are not es-

sential to transfer the title as between the parties. The reasons for this construction of the statute are stated in the opinions, and need not be repeated. If the question were *res integra*, we think the same construction should be placed upon the statute. But to now hold, in view of our decisions upon the subject, that a deed must be witnessed and acknowledged to pass the title, would be revolutionary, and might do much mischief. There can be no doubt that the legislature may prescribe the form and solemnities to be observed in a conveyance of real estate within its limits; but the question always is, What requisites are made essential for that purpose in this state? That question will find its answer in the decisions above cited, which we have no purpose to disturb, for we think they are in accord with the great weight of authority upon this subject. It is alleged in the complaint that the defendants and their grantors, who are or were interested in avoiding the deed to *Mary Allen*, were not any of them purchasers in good faith for a valuable consideration, so they would be affected by the equities of the plaintiff under that deed though it were not recorded.

The next point made by the demurrer is that several causes of action had been improperly united. Each of the defendants has or claims an interest in the premises hostile to the deed just referred to. They have a common connection with the subject matter of the action, and they ought to be joined, though they hold separate parcels of land. Indeed, the controversy cannot well be determined without they are before the court. Of course *Mary Allen* is a proper party, as it is her deed which is asked to be decreed valid, because she claims a part of the premises under another title adverse to that deed. The same is true of *Stanley* and *Kehl*. Their interests would be vitally affected by a judgment which should affirm the validity of that deed. The defendants certainly have one common interest

touching that deed, and it would seem plain that they should be before the court before the plaintiff has the relief which he asks in respect to it.   We think there is no misjoinder of causes of action, in view of the facts stated. Story's Eq. Pl. sec. 284 *et seq.; Hamlin v. Wright,* 23 Wis. 491.

It follows from these views that the order of the circuit court overruling the demurrer to the complaint must be affirmed, and the cause remanded for further proceedings according to law.

