WELSH and wife, Appellants, vs. BLACKBURN, Respondent.

*February 21 — March 10, 1896.*

*Mortgages: Validity when not witnessed or acknowledged: Irregular foreclosure: Payment as condition of relief.*

A mortgage is valid as between the parties and constitutes a valid lien on the land, even if not witnessed or acknowledged; and if the foreclosure thereof is irregular or defective the mortgagor will be entitled to relief, if at all, only upon payment of the amount honestly due.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This was an action in equity to set aside a mortgage and the foreclosure thereof by advertisement, so far as affects the homestead of the plaintiffs. The evidence showed that the plaintiffs, who were husband and wife, on the 2d day of January, 1889, for a valuable consideration, executed a mortgage for $467.58, covering 120 acres of land, of which forty acres was their homestead, to T. J. Shears and O. A. Metscher, who were partners and received the same as partnership property. The mortgage purported to be properly witnessed and acknowledged, but the plaintiffs introduced evidence tending to show that it was never in fact witnessed nor ac-

knowledged. The mortgage was recorded. Afterwards the firm of Shears & Metscher dissolved, Mr. Metscher retiring, and Mr. Shears taking the assets and assuming the debts of the partnership by oral agreement. After the dissolution, and on May 26, 1891, Shears sold and delivered the notes and mortgage, for a valuable consideration, to the defendant, *Blackburn*, and executed a written assignment thereof to him, which was witnessed, acknowledged, and recorded. The notes not being paid, *Blackburn* foreclosed the mortgage by advertisement, under the authority to so foreclose contained in the mortgage, and upon such sale the sheriff sold the entire property to the defendant, and executed a certificate of such sale on the 1st day of September, 1891.

The court entered findings and judgment as follows: "The defendant, *Blackburn*, in open court having stated his willingness to take from the plaintiff in this action, or any other interested party, the principal of the mortgage that was given to Shears & Metscher, and thereupon to release said mortgage and quitclaim all his interest in said land, and the plaintiffs in this action having made no offer, either prior to the commencement of this action or pending, to pay any portion of the mortgage indebtedness in question; and the court, being of the opinion that before the plaintiffs can come into court and ask for the relief they demand they should do equity by paying or offering to pay the indebtedness secured by this mortgage, without the costs of foreclosure by advertisement, therefore finds that unless by the 20th day of May the plaintiffs in this case pay to the defendant, *Blackburn*, the principal sum secured by said mortgage, and costs of this proceeding incurred by the defendant, to be taxed, that a decree be entered dismissing the plaintiffs' complaint upon the merits, and decreeing that said foreclosure proceedings are valid and absolute. Now, therefore, on motion of Fish & Bancroft, attorneys for defendant, it is hereby ordered, adjudged, and determined by the court

Welsh and wife vs. Blackburn.

that said judgment of foreclosure and sale thereunder is hereby affirmed in all things by the court, and the proceedings therein declared to be regular and according to law. It is further ordered and adjudged that the plaintiffs herein may have restitution of said premises upon payment by them of the amount of the principal in said mortgage, to wit, $467.58, together with the costs of this proceeding, taxed at $68.67, on or before the 20th day of May, 1893; the defendant to thereupon transfer to said plaintiffs all his right, title, and interest, to said plaintiffs or their legal representatives, in and to the premises described in said mortgage. It is further ordered that the defendant recover the costs herein at sixty-eight and sixty-seven hundredths dollars ($68.67)." From this judgment the plaintiffs have appealed.

*Michael Murphy*, for the appellants.

For the respondent there was a brief by *Miner & Miner*, and oral argument by *J. H. Miner* and *F. S. Fish*.

Winslow, J. The mortgage was valid as between the parties, even if it was not witnessed nor acknowledged. *Leinenkugel v. Kehl*, 73 Wis. 241. Such being the case, it constituted a valid lien on the land; and, if the foreclosure was irregular or defective, the lien and the debt would still remain. He who asks equity must do equity. If the plaintiffs are entitled to any relief, it could only be by paying the amount honestly due. This they did not even offer to do, and the judgment was right.

*By the Court.*— Judgment affirmed.