HARRASS, Respondent, vs. EDWARDS and another, Appellants.

*November 7 — November 26, 1896.*

*Deeds: Witnesses: Recording: Vendor and purchaser of lands: When purchaser is bound to accept conveyance.*

1.  A deed of real estate, which purported to have been executed by twenty grantors in six different states, but which was signed by only two witnesses whose attestation was restricted to the execution thereof by the last grantor, one of such witnesses being the notary who took the latter's acknowledgment, is not entitled to record except as a conveyance of the interest of the last grantor.

2. In so far as the title to real estate depends upon the execution, attestation, acknowledgment, and effect of conveyances as they appear upon the record, such conveyances must upon their face be free from reasonable doubt as to their validity, and must be properly and legally recorded or legally entitled to record, or a purchaser is not bound to accept the title.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover against the defendants, *Thomas Edwards* and *John A. Quam,* the amount of money he had paid to them upon an executory contract they had made to convey to him two certain lots in block 3 of Edwards & Quam's addition to Ashland, and also $400, the value of a certain house of the plaintiff, built on the premises as a part of the consideration for the lots. It is conceded that the verdict, which was directed in favor of the plaintiff, was supported by the evidence as to the value of the improvements and amount paid on the contract by plaintiff, and the amount received by him as rents, and that the only question in dispute is the legal questions growing out of the title. The plaintiff executed and tendered a quitclaim deed of the premises to the defendants, and surrendered possession of the premises to them, February 15, 1895, and brought his action on the 18th of the same month. The defendants' claim was that their title was perfected on the 14th day of the same month, and that they were prepared and able and willing to convey a perfect title to the plaintiff, of which he had notice. In the case of *Little v. Edwards,* 84 Wis. 649, it was decided that the title to the premises in question was then (April, 1893) in the plaintiffs to that suit, the brothers and sisters of Albert A. Little, deceased. To show title in the defendant, they offered in evidence (1) a record of an alleged deed of the premises from the heirs of Albert A. Little, deceased, to Melissa M. Little, (2) a power of attorney from Melissa Little to E. C. Wright, recorded

February 14, 1895; and (3) a deed of the premises from Melissa M. Little, by E. C. Wright, as her attorney in fact, to the defendants, dated February 14, 1895, and recorded the following day. The record of the deed from the heirs of Albert A. Little to Melissa M. Little was objected to on the ground that as to some of the parties it was not properly acknowledged and not properly executed. It was admitted that the grantors in that deed were, with Melissa M. Little, all of the heirs of Albert A. Little, deceased, living at the date thereof, December 18, 1893, and it purported to have. been signed and sealed by twenty grantors, the last signature being that of Henry C. Hurlbert. The signature of W. R. Phillips and Maud Bachkenstre, as subscribing witnesses, appeared, the one beneath the other, inclosed in brackets, and between the same and the signature of Henry C. Hurlbert are the words " Attest as to," so as to read, together with said signature, " Attest as to Henry C. Hurlbert." Said W. R. Phillips appeared to have taken the acknowledgment of said Hurlbert to said deed, as a notary public, in Rock county, Wisconsin, February 28, 1894. There were ten other certificates of acknowledgment as to other grantors before various notaries in five different states, some in Missouri, some in Indiana, some in Illinois, some in Kansas, and some in California, all bearing different dates on and between December 18, 1893, and February 21, 1894, and there were no subscribing witnesses to the deed except as above stated. The defendants offered in evidence a deed of the premises, duly executed, from themselves to the plaintiff, dated prior to the commencement of the action, but which had not been accepted by him, which was objected to on the ground that they had not shown a good title. At the close of the testimony the court, on motion, directed a verdict for the plaintiff in substance as stated, upon which he had judgment, and from which the defendants appealed.

For the appellants there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *C. A. Lamoreux.*

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

PINNEY, J. It is evident that the deed from the heirs of Albert A. Little to Melissa M. Little was not executed in the presence of two subscribing witnesses, as required by the statute (R. S. sec. 2216), except as to the twentieth grantor, Henry C. Hurlbert, and was not entitled to be, and was not legally, recorded, except as a conveyance of the inconsiderable interest he had in the property described in it. The attestation by the subscribing witnesses is not general, but restricted to its execution by said Hurlbert. If the attestation could be considered at all equivocal or doubtful, the fact that Phillips, one of the subscribing witnesses, was the notary public who took the acknowledgment of execution by Hurlbert in Rock county, Wisconsin, taken in connection with the other certificates of acknowledgment by all the other grantors, is sufficient to dispel any fair or reasonable doubt. It was held in *Hrouska v. Janke,* 66 Wis. 252–255, where a deed had been executed by seven grantors, witnessed by only two subscribing witnesses, and acknowledged by four of the grantors before proper officers in Door county, in this state, and by the other three grantors, on the following day, before another proper officer in the adjoining county of Kewaunee, that the court "must presume, under the circumstances, that it was duly witnessed," and that it did not follow "that the grantors were not all together when they executed the deed," and that it was properly witnessed; that it would be a most violent presumption, in the absence of proof to sustain it, to assume that they were not together. In the present case it would, we think, be a violent and unreasonable presumption, in the absence of proof to

that effect, to assume that the twenty different grantors in this deed were all present in Rock county, Wisconsin, when it was witnessed by, and the acknowledgment of one of the grantors only was taken before, W. R. Phillips as a notary public. If they were all present and executed the deed in Rock county, why did they not all acknowledge it before Phillips, and how does it happen that all the other certificates bear different previous dates from December 18, 1893, to February 20, 1894?

It is useless, however, to speculate as to the facts. The restricted and limited character of the attestation of the subscribing witnesses must be held conclusive, excluding any presumption that the deed was executed and witnessed as prescribed by the statute. As it was not entitled to be recorded as to nineteen of the twenty grantors, the record actually made of it in the register's office of the proper county was evidence of a conveyance to the grantee therein of the title of but one of the numerous heirs of Albert A. Little, deceased. *Smith v. Garden*, 28 Wis. 685; *Herren v. Strong*, 62 Wis. 223. In order to be entitled to be legally recorded, it was necessary that the deed should have been both witnessed and acknowledged as prescribed by statute. R. S. secs. 2216, 2218. It may, in fact, have been executed by all the grantors, so as to pass the legal title as between them and the grantee, for witnessing and acknowledgment are not essential to the sufficiency of a deed as between the parties thereto. *Leinenkugel v. Kehl*, 73 Wis. 238; *Gilbert v. Jess*, 31 Wis. 110; *Slaughter v. Bernards*, 88 Wis. 121; *Welsh v. Blackburn*, 92 Wis. 562. But the record furnished no evidence of such execution, and no other evidence was produced.

The plaintiff, as a purchaser, could not be required to accept a defective or unmarketable title. He had an undoubted right to a good title; and, while a title may be good, yet, if there is reasonable doubt of its validity, the purchaser is

not obliged to take it (*Allen v. Atkinson*, 21 Mich. 351; *Shriver v. Shriver*, 86 N. Y. 575); and so it follows that a title may be valid, and yet not marketable (*Reynolds v. Strong*, 82 Hun, 202). A material defect in the title to land is such a defect as will cause a reasonable doubt and just apprehension in the mind of a reasonably prudent and intelligent person, acting upon competent legal advice, and prompt him to refuse to take the deed at a fair value. *Eggers v. Busch*, 154 Ill. 604, 607; *Hellreigel v. Manning*, 97 N. Y. 56. If a doubt exists, so as to make it probable that the purchaser's right may be a matter of legal investigation, or if the title depends upon facts to remove it which can only be established by parol evidence should the title be attacked, he will not, in general, be compelled to complete the purchase. He will not be compelled to buy a lawsuit. *Moore v. Williams*, 115 N. Y. 586. In so far as the title depends upon the execution, attestation, acknowledgment, and effect of conveyances as they appear upon the record, they must be free from reasonable doubt upon their face as to their validity, and must have been properly and legally recorded, or be such as are legally entitled to record. *Sheehy v. Miles*, 93 Cal. 288; *Moore v. Williams, supra; McPherson v. Schade*, 149 N. Y. 16; *Irving v. Campbell*, 121 N. Y. 353; *Holly v. Hirsch*, 135 N. Y. 590–598; *Townshend v. Goodfellow*, 40 Minn. 312–316; *Fairchild v. Marshall*, 42 Minn. 18. It is clear that the title offered by the defendants was not such as the plaintiff was bound to accept. The defendants wholly failed to make out a legal title, except as to the inconsiderable interest of one of Little's heirs. The plaintiff was not bound to take the risk of being able to show that the deed in question had in fact been so executed as to pass the legal title as between the other nineteen grantors and the grantee. The circuit court properly directed a verdict for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.