Mr. justice McLEAN
 

 delivered the opinion of the court,
 

 This is a bill in chancery, brought here by an appeal from the-Circuit Court of the District of Columbia.
 

 The complainants filed their bill, alleging themselves to be the .legitimate heirs of'Robert Brockett, deceased, and claiming as such one-half of the real and personal property of which he died'seized • and possessed. The defendants filed their answers, denying the allegations of the bill. An issue at law was directed to try the legitimacy of the complainants, and after hearing the evidence, the jury found a verdict in their favour.
 

 Several exceptions'were taken to the rulings of the court, in the admission of evidence to the jury, and to the refusal-.of the court to admit evidence offered by the defendants, which appear in two bills of exceptions. And these decisions, in relation to the trial ■ of the issue, constitute the principal ground of controversy in the case.
 

 It does-not appear that any questions were raised on the chancery side of the court, growing out of .these exceptions. And this not having been done, it is proper to inquire" whether the exceptions ean be considered in this court.
 

 It is contended that as the'same judges sat in the court of law as in the court of chancery, that it could not be necessary to bring before them as chancellors what they bad decided .in a court of law. Had the court Of law been held by different persons from those who sat as chancellors, it is admitted that it would have .been necessary to bring before the latter the points ruled in the trial of .the issue. But is not the principle the same in both cases? The capacities in whieh the same tribunal acts on such occasions, are as dis-dnet as "if the same duties had been performed by different tribunals.
 
 *692
 
 The distinction is the same as where a judgment at law is entered by a court which also exercises chancery-powers; and which powers are invoked against its own judgment. In such a case it might as well be said, as in the present one, why may nqt the same court, whether acting at law- or in chancery, having possession of the cause, finally decide it.
 

 The bills of exceptions are copied into the record; but they do not properly constitute a part of. it, as-they were not brought to the notice and decision of the court sitting in chancery. . An issue' in part is directed by a court of chancery to inform its conscience. To bring the fact or facts before the jury at law, a feigned issue is made by pleadings, as. at law; and if the pleadings of the jury be unsatisfactory to tine court of chancery', .either on account of the admission of incompetent evidence, the exclusion of evidence which is com-, petent, or by a mistake of the facts by the jury, the court of chancery will order another trial of the issue.- By the consent of-parties these issues are sometimes tried without the ■ formality of pleading. But in all cases where objections, exist to the verdict, thtey must'be brought before the court
 
 of
 
 chancery which ordered the issue. And where this is not done in an inferior-court, the. objections cannot betaken 'in the appellate court of chancery. It is a general rule of practice, that no point arising on -the pleadings or evidence in an appellate court shall be made which was not brought to the notice of the inferior^court. And we think in this case, that the exceptions taken on the trial of the issue'at law not having, been, acted on by the court of. chancery below, cannot be insisted on in this court.
 

 Being satisfied of the legitimacy and consequent heirship of the complainants, from the verdict of the jury, the court below referred tea master the rents received by the defendants, and other matters of account pertaining to the .estate. And to some of the items allowed by the master^ objections are made before this court. But it does not appear that these objections were brought before the lower court by exceptions to the master’s report.' The seventy-third chameeryr.ule is decisive, on this subject. .It provides that “the párties-shall have one month from the time of filing the master’s report, to file exceptions thereto, and if no exceptions are within that period filed' by either party, the report shall stand confirmed on the next rule-day-after the month is expired.” No exceptions having been filed in the Circuit Court to the report of the master, none can be heard in this court.
 

 The verdict and .the report of the master, which constituted the basi^ of the decree of-the-court below, not having been objected to in that court, cannot be objected to here, and consequently the decree of the Circuit Court is affirmed with costs.