FITTON and Wife *v.* PHŒNIX ASSUR. Co. and others.

*(Circuit Court, D. Vermont.* February 10, 1885.)

EQUITY PRACTICE—REFERRING ISSUES OF FACT TO JURY—REV. ST. § 648.
    The United States circuit court may send issues of fact, properly raised by the pleadings in an equity case, to a jury for trial.

In Equity.
*James L. Martin,* for defendants.
*Martin H. Goddard,* for orators.

WHEELER, J. This cause has been heard before on demurrer to the bill, which was overruled as to the defendants now before the court, with leave to answer over. *Fitton* v. *Fire Ins. Ass'n,* 20 FED. REP. 766. The defendants have answered that the agreement to bind insurance was procured by fraudulent representations of the orators as to the situation of the property, as to exposure to and precautions against loss from fire; that the loss occurred through want of the precautions represented to be employed, and the wrongful, willful, and negligent acts of the orators. Issues of fact are raised by the traverse of the answers, and the defendants now move that these issues be sent to a jury. The motion is opposed upon the ground that by the statutes of the United States the power to send issues of fact to a jury is

not given to, but rather taken from, the circuit courts as courts of equity, and that these issues should be tried by the court, and not sent to a jury, if the power to send them exists. The provision of the statute chiefly relied upon to show want of such power is that found in section 648, providing that "the trial of issues of fact in the circuit courts shall be by jury, except in cases of equity, and of admiralty and maritime jurisdiction."

It is argued that the exception excludes that mode of trial in the excepted cases. But that is not understood to be the meaning of the provision. The object of it seems to have been to carry out the constitutional provision guarantying the right to trial by jury in common-law cases, and at the same time not to require a trial in that mode in equity and admiralty cases. · This provision was enacted in early times, and the power of a circuit court under it to send issues to a jury has always been recognized. *Field* v. *Holland,* 6 Cranch, 8; *Harding* v. *Handy,* 11 Wheat. 103; *Brockett* v. *Brockett,* 3 How. 691. It is expressly stated to exist in *Garsed* v. *Beall,* 92 U. S. 684. The motion cannot be denied upon that ground. The inconvenience of so sending the issues has been dwelt upon in the argument, but as the trial must be in the same court, with the difference only that it is upon the law side by jury, according to the course of the trial of common-law cases, instead of on the equity side by the judges, according to the ordinary course of equity procedure, that consideration is entitled to but little weight. The principal question is as to the propriety of so sending the issues in this particular case. The issues are the same that they would have been if an insurance in fact by delivery of a policy, instead of a mere agreement to insure, had been effected. The orators have standing in this court merely on account of that difference. The right to trial by jury of an issue of fact proper for their cognizance is valuable as it exists, and is guarantied by the constitutions and laws of this country, notwithstanding the hostility shown to it in some quarters. The defendants have not an absolute right to that mode of trial in this case, because it is not within the constitutional or statutory provisions; but they have the right to have their request for it carefully considered when it falls so naturally in the line of the right in other cases. These issues seem to be very proper for the cognizance of a jury in this case.

Motion granted.