Slaughter vs. Bernards.

SLAUGHTER, Appellant, vs. BERNARDS, Respondent.

*May 5 — May 25, 1894.*

*Evidence: Laws of another state: Power of attorney to convey lands: Acknowledgment: Estoppel: Appeal: Questions not considered by trial court.*

1. Where the laws of another state have not been offered in evidence they cannot be considered by the court; and references to them in the argument of counsel do not amount to an offer and admission of them in evidence.

2. A power of attorney offered in connection with other title papers was presumably offered as a title paper and not to show an estoppel.

3. A power of attorney offered as a title paper was ruled out as not properly executed, and thereupon all subsequent instruments in the chain of title were ruled out as offered, and a nonsuit was granted. *Held*, that on appeal this court will not pass upon the legal effect of such subsequent instruments as showing plaintiff's title or an estoppel of defendant to deny such title,— that question not having been considered by the trial court.

4. Under sec. 96, ch. 98, R. S. 1849 (sec. 4159, R. S. 1878), a power of attorney theretofore recorded, relating to lands in this state, and purporting to have been acknowledged before a notary public in another state, and having his certificate in the ordinary form, is *prima facie* good and sufficient, and it or the record thereof is admissible in evidence, in the absence of proof of the laws of such other state.

5. In the absence of proof as to the laws of another state they will be presumed to be the same as our own, under which a notary public may take the acknowledgment of a deed.

6. A power of attorney need not be attested or recorded to be a valid power to convey lands.

APPEAL from the Circuit Court for *Dane* County.

Ejectment. The facts are stated in the opinion.

For the appellant there were briefs by *Bashford, O'Connor, Polleys & Aylward,* and oral argument by *R. M. Bashford* and *I. C. Sloan.*

*F. J. Lamb* and *C. F. Lamb,* attorneys, and *Burr W. Jones,* of counsel, for the respondent, to the point that a

power of attorney to convey lands must possess the same requisites and observe the same solemnities as are necessary in a deed directly conveying the lands, cited *Gee v. Bolton*, 17 Wis. 604, 612; *Clark v. Graham*, 6 Wheat. 577, 579; *Lumbard v. Aldrich*, 8 N. H. 31; *Gage v. Gage*, 30 id. 420; *Lord v. Sherman*, 2 Cal. 498; 1 Parsons, Cont. (7th ed.), *110, note c.

Orton, C. J.   This is an action by the plaintiff to recover of the defendant certain lands in the county of Dane, described as follows, viz.: "The northeast quarter and the west half of southeast quarter of section thirty-six (36), township eight (8) north, range eight (8) east, containing two hundred and forty (240) acres, more or less." The plaintiff, in his complaint, sets up the successive conveyances and instruments through which he claims title to the premises.   The defendant, in his answer, alleges adverse possession of twenty years and an adverse possession of ten years under deed; alleges certain defects in the plaintiff's chain of title; and sets up, through sheriffs' deeds on the foreclosure of mortgages and successive conveyances, title in himself.

The plaintiff, to prove his title to the premises, introduced in evidence: (1) The record of a deed of the premises from Ramsay McHenry, by his attorneys, John Catlin and A. Noonan, to George H. Slaughter, dated the 12th day of February, 1840.   (2) The record of a mortgage on the premises of the same date, from the said George H. Slaughter to the said Ramsay McHenry, to secure the payment of $620, together with the following indorsement on the record thereof, to wit: "This mortgage canceled by agreement;" and refers to pages 303 and 304 of volume 4 of Deeds.   (3) The record of an agreement, dated the 12th day of November, 1840, signed by Ramsay McHenry, by his attorney in fact, James McHenry Boyd, and George

H. Slaughter, by which said deed and mortgage were can-
celed, and recorded on the pages referred to in said indorse-
ment.   (4) The record of a power of attorney dated the
29th day of April, 1843, from Ramsay McHenry, of Hart-
ford county in the state of Maryland, to James McHenry
Boyd, of the state aforesaid, empowering him to sell or
dispose of certain lands, among which are the above lands,
either at public or private sale, and to execute, acknowl-
edge, and deliver deeds of conveyance of the same in the
name of the said Ramsay McHenry, and to act in the
premises according to his judgment and discretion. . This
power of attorney was signed and sealed by Ramsay Mc-
Henry, and witnessed and acknowledged by the same per-
son, and acknowledged by him as a notary public, in the
state of Maryland.   (5) In connection with the power of
attorney, the plaintiff offered a deed of said premises,
dated the 4th day of August, 1843, from Ramsay Mc-
Henry, by his attorney, J. McHenry Boyd, of Baltimore,
Md., to Gabriel T. Long of Dane county, in trust for the
use and benefit of Mrs. Mildred Ann Slaughter, wife of
George H. Slaughter.

When the record of the said power of attorney was
offered, the counsel of the defendant objected on the
grounds that said power was not entitled to registration;
that it had only one witness; and that it was not properly
acknowledged according to the laws of Maryland.   In
connection with these objections to the power of attorney,
the said counsel objected also to the said record of the
cancellation agreement, because the authority of the said
Boyd as attorney in fact of the said Ramsay McHenry was
not proved, and that it was not entitled to be recorded.
The court, after argument, said: "I am persuaded that,
under the statute, the plaintiff should show that the power
of attorney is a valid instrument. Of course, if you wish
to do that you may do so, if you have any proof to offer

on that question." The plaintiff's counsel said: "We offer the record. I understand the court sustains the objection to the offer." The court said: "As the record now stands, there being no proof as to the law governing the execution of the instrument, by which it was executed in the state of Maryland, the court will have to sustain the objection," — to which ruling the plaintiff duly excepted. The plaintiff then offered the above record of the deed from Ramsay McHenry, by his attorney in fact, the said Boyd, to Gabriel T. Long.

This is the order of proof so far, according to the record, by the bill of exceptions, and the action of the court thereon. According to an amendment of the bill of exceptions, allowed several months after the trial, and perhaps not strictly according to the rules of the court, it seems that the counsel of the defendant, in their arguments to the court on their objections to the power of attorney, read and commented on what they claimed to be the laws of Maryland in respect to the acknowledgment of deeds, without objection. It is not stated that the counsel of the plaintiff heard this reference to the laws of Maryland; but it is stated in the amendment "that the court considered said statutes." If the court did consider the said Maryland statutes, it certainly had no right to do so, for the said statutes had not been proved in any way or offered in evidence, and this is corroborated by what follows in the regular bill of exceptions,—" that *there had been no proof* as to the law of Maryland governing the execution of the instrument," as above stated. It is sufficient that the laws of the state of Maryland had not been proved and offered in evidence, and that it is so stated in the record. It follows, therefore, that the defendant's counsel had no right to read from them and comment thereon in their arguments on the objection to the admissibility in evidence of the power of attorney, and the court had no right to con-

sider the same. The learned counsel of the respondent contends that this was, in effect, an offer of the laws of Maryland in evidence, and the admission of the same by the court, and that the order of proof was in the discretion of the court. This last proposition is correct, and would have much force if there were any facts to which it could be applied. But the defendant's counsel did not offer in evidence the laws of Maryland, even on or during their argument on the objection. They were never offered in evidence at any time, in order or out of order, and they were not admitted in evidence by the court. The argument of counsel cannot supply the place of evidence or amend the records of the court.

It would seem from the above record of what occurred when the objection to the power of attorney was sustained that the plaintiff's counsel intended to rely solely on the admissibility of the record of the power of attorney under the laws of this state, as they now contend on this appeal that it was admissible under sec. 96, ch. 98, R. S. 1849, and sec. 4159, R. S. 1878. The court seems to have based its decision on the ground that the laws of Maryland "had not been proved" to sustain the power, without considering the effect of the above statute of this state. The plaintiff's counsel were not bound or called upon to state the ground on which they claimed the power of attorney admissible. They had the right to rest upon the objections made by the other side to its admissibility and the decision of the court thereon, and let the defendant's counsel take the responsibility of the rejection of the record of the power of attorney.

The plaintiff, notwithstanding the rejection of the power of attorney, continued to make offers of conveyances as follows: (6) A mortgage from Gabriel T. Long back to Ramsay McHenry, to secure the sum of $1,028.50, the purchase money of the preceding conveyance, dated the 4th day of

August, 1843. (7) The satisfaction of said mortgage, signed and sealed by Ramsay McHenry, by John Catlin, his attorney, dated July 21, 1847. (8) A mortgage from George H. Slaughter and others to Edward Campbell, to secure the sum of $144.83, dated the 23d day of October, 1847. (9) Mortgage from George H. Slaughter and others to Calvin C. Williams, to secure the sum of $350. These two mortgages were signed, also, by the said Gabriel T. Long and Mildred Ann Slaughter. (10) Mortgage from George H. Slaughter, M. A. Slaughter, and Gabriel T. Long, to Calvin C. Williams, to secure a certain bond, dated the 6th day of September, 1848. (11) Deed from Robert Main, sheriff of Dane county, to Calvin C. Williams, on foreclosure, dated the 19th day of July, 1857. (12) Deed from Andrew N. Bishop, sheriff of Dane County, to Calvin C. Williams, on foreclosure, dated December 6, 1856. (13) Deed from Andrew Bishop, sheriff of Dane county, to Calvin C. Williams, on foreclosure, dated December 13, 1852. (14) Deed from the heirs of Calvin C. Williams to Jacob Lenz, dated April 30, 1868. (15) Deed from Julius T. Clark, guardian of the heirs of Calvin C. Williams, to Jacob Lenz, dated July 27, 1868. (16) Deed from Jacob Lenz and wife to *Henry Bernards*, dated March 15, 1868. (17) Deed from *Henry Bernards* to N. B. Van Slyke, dated January 27, 1875. (18) Deed from N. B. Van Slyke and wife to *Henry Bernards*, the defendant in this action. The defendant's counsel objected to all of these offers, and the court sustained the objection. The plaintiff also offered the marriage settlement between George H. Slaughter and Mildred Ann Long, his future wife, by which she was to have a separate ownership and use of her property as an inheritance from her father during her life, and then to pass to her heirs. This also was ruled out.

· After the court had rejected the record of the power of attorney, it was therefore compelled to sustain objections

to all the subsequent deeds, mortgages, and agreements within the chain of the plaintiff's title, and which appeared to be also within the chain of the defendant's title. The plaintiff offering no further testimony, the court granted a nonsuit of the case, and from that judgment the plaintiff has appealed.

The court no doubt considered the power of attorney the necessary link in the chain of the plaintiff's title, and that its rejection put an end to the case. The learned counsel of the appellant is in error in supposing that this court can pass upon the legal effect of the conveyances and other evidence offered after the rejection of the power of attorney, which were merely offered and rejected, and not considered by the court as evidence, and not ruled or passed upon as such. The learned counsel have presented a very able and elaborate brief of the principles and authorities applicable to such evidence, and claim (1) that, in view of such evidence, the plaintiff's title to the premises is perfect, and that he is entitled to recover in the action; and (2) that such evidence shows that the defendant's title is traced to the same source as the plaintiff's title, and that therefore the defendant cannot question plaintiff's title. It is certain the court did not consider such evidence on the question of title, and it is equally certain that the court did not consider it on the question of estoppel. If the learned counsel had offered such evidence with the declared object of raising the question of estoppel, and for such special purpose, then the court would doubtless have considered and passed upon that question. It was not so offered, and therefore not considered. In *Bogert v. Phelps*, 14 Wis. 88, Dixon, C. J., said: "The first position taken by counsel for the appellant is that in order to enable the respondent to impeach the appellant's title, which was derived from the attachment debtor, he must show that he represented a prior creditor of the latter. As has been already observed, this

is no doubt a correct legal proposition, but it is not involved here. No question of the kind was made on the trial below. No objection was raised, no exception taken, nor instruction asked which in any manner involved it. . . . We can review no questions which were not fairly presented for the consideration of the court before which the action was originally tried." I have quoted somewhat at length from the opinion, to show the appositeness of the authority. I am not aware of this rule having been changed by this court. This is the rule in other courts of last resort. In *McDonald v. Smalley*, 1 Pet. 620, the whole testimony had been taken on both sides, and preserved in the record. The case was dismissed on a question of jurisdiction, and the testimony had not been considered by the court below. The supreme court was asked by both parties to hear the whole case, but declined to do so, for the reason that no other question had been decided by the court below than that of jurisdiction. The respondent's counsel cite also *Brockett v. Brockett*, 3 How. 691; *Delaney v. Brett*, 51 N. Y. 78, 83; *Salisbury v. Howe*, 87 N. Y. 128–134. The only question decided by the court below was of the sufficiency of the recorded power of attorney as authority to James McHenry Boyd to execute deeds in the name of Ramsay McHenry. The court having decided to sustain the objection of the defendant to the power of attorney, the trial was virtually at an end. The subsequent evidence was offered by the plaintiff's counsel apparently for the mere purpose of having it rejected and saving exceptions to the ruling. The subsequent evidence was offered in connection with the power of attorney, and dependent upon it, and was rejected with it. No other object or purpose of such evidence was stated to the court. The only apparent ground for the nonsuit was the insufficiency of the power of attorney as a link in the plaintiff's chain of title, and that is the only question before the court. The case was not tried in.

the court below on its merits, but nonsuited, and defend-
ant's evidence is not yet in the case.

Having at length cleared the way for the only real ques-
tion in the case, we will proceed to consider it. The
question comes before the court as it was presented to the
circuit court. The record of the power of attorney was
offered in evidence by the plaintiff's counsel. It was ob-
jected to by the defendant's counsel. After argument, the
court ruled on the question in this way: "As the record
now stands, there being no proof as to the law governing
the execution of the instrument, by which it was executed
in the state of Maryland, the court will have to sustain the
objection." *By the Court:* "The nonsuit is granted." The
objections of the defendant's counsel to the offer were
(1) that it was not the best evidence; (2) that it does not
appear that the person taking the acknowledgment was a
competent officer; (3) that it was executed in the state of
Maryland before a notary public, and there is no proof of
the authority of the notary public to take this acknowledg-
ment; and (4) that it is not executed under the laws of
Maryland or Wisconsin. The court seemed to be under
the same impression indicated in the objections,— that it
was incumbent upon the plaintiff to show that the power
of attorney was executed according to the laws of Mary-
land. Herein consisted the error of the court.

1. In the absence of proof of the laws of Maryland, under
the laws of this state both the power of attorney and the
record thereof are *prima facie* good and sufficient, and en-
titled to be introduced in evidence. Sec. 96, ch. 98, R. S.
1849, provides as follows: "All deeds, mortgages, or other
instruments in writing relating to real estate situate within
this state which shall have been recorded in the office of
any register of deeds before this section shall take effect,
purporting to have been acknowledged or proved without
this state, and having upon them substantially the ordinary

Slaughter vs. Bernards.

form of a certificate of acknowledgment or proof, purporting to have been signed by some officer in another state or country, shall be deemed *prima facie* in all legal proceedings to have been acknowledged or proved (as the case may be) before the proper officer and in conformity with the laws of such state or country where it purports to have been acknowledged or proved, and the records of all such deeds, mortgages, and instruments, certificate of acknowledgment or proof may be read in evidence in like manner and with the same effect as the originals." This is the present statute (sec. 4159, R. S.), with some immaterial changes of words, and using the word "presumptively" instead of "*prima facie.*" This statute requires neither construction nor comment to make it apply to the instrument in question. It is remedial and curative, whenever there is any question about the acknowledgment or registration of the instrument, and makes both the record and acknowledgment *prima facie* or presumptive evidence in all legal proceedings that the instrument was acknowledged according to the laws of such state or country, and was duly recorded, so that the record may be read in evidence the same as the original. In *Fallass v. Pierce*, 30 Wis. 443, Chief Justice Dixon applied this statute "to make the acknowledgment *prima facie* valid for the purpose of the record, and consequently the record *prima facie* good for all purposes which can be served by any record."

2. It is correctly said in the brief of the respondent that "a power of attorney to convey lands must have the same requisites as a deed." *Gee v. Bolton*, 17 Wis. 604–612; 1 Pars. Cont. (7th ed.), 110, and note c, and other cases cited in the brief.

3. It is not essential to a power of attorney that it should be either attested or recorded to be a valid power to convey lands, any more than the deed itself to be a valid conveyance. This has been repeatedly held by this court in

respect to deeds.  *Myrick v. McMillan,* 13 Wis. 188; *Quinney v. Denney,* 18 Wis. 485; *McMahon v. McGraw,* 26 Wis. 614; *Gilbert v. Jess,* 31 Wis. 110; *Knight v. Leary,* 54 Wis. 459; *Hewitt v. Week,* 59 Wis. 449; *McPherson v. Featherstone,* 37 Wis. 632; *Leinenkugel v. Kehl,* 73 Wis. 238.    In *Hewitt v. Week, supra,* Mr. Justice TAYLOR reviewed the authorities, and repeated the principle, in view of the statute requiring a deed to be witnessed and acknowledged, holding that such formalities are only required as notice to a subsequent purchaser.    The deed takes effect to pass the title upon its execution and delivery, and not when it is attested or acknowledged.    This is, of course, between the parties to the deed.    It is good as a conveyance at common law.    The power of attorney, by this principle and by the above statute, was not only a valid power and authority to James McHenry Boyd to convey the lands in the name of Ramsay McHenry, but the record, attestation, and acknowledgment were *prima facie* sufficient, and the instrument should have been received in evidence.

4. In the absence of the foreign law, the law of such state will be presumed to be like our own, and by our law an acknowledgment by a notary public is sufficient.

5. It is coutended by the appellant's counsel that the power of attorney is sufficient and should have been received because it was recognized and approved as a valid power by George H. Slaughter and Mildred Ann Slaughter in and by the said cancellation agreement, and by their having treated with the said attorney in respect to the title.    When this cancellation agreement was offered, it was not offered for such purpose, and the court did not consider it in view of its having such effect.    But we have already disposed of this question in respect to the subsequent conveyances, as showing that the defendant traces his title to the same source as the plaintiff and therefore cannot question the plaintiff's title.    When the offer was

not made for this specific purpose, the presumption is that the instrument was offered as a title paper, and that it was rejected as such.

We have disposed of the only question that is properly before us, in holding that the power of attorney ought to have been received in evidence, and that it was error to reject it. It follows that the court ought not to have taken the case from the jury and granted the nonsuit. All the other questions so ably treated in the appellant's brief are as yet premature.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

PINNEY, J., took no part.