Howe, Respondent, vs. Ballard, Appellant.

*January 31—February 18, 1902.*

*Laws of a foreign state: Evidence: Foreign statutes: Presumption as to construction: Contracts: Promissory note made in foreign state on Sunday: Validity.*

1. Where the written or unwritten law of another state is material to establish a cause of action or a defense in any action pending in any court in this state, such written or unwritten law cannot be considered except by consent of the parties, unless it be put in evidence under the statutory rules on the subject (secs. 4136, 4138, Stats. 1898).
2. Where the statute of another state is worded substantially the same as a statute of this state on the same subject, the judicial construction of the foreign law will be presumed to be the same as that of the home statute, in the absence of evidence to the contrary.

3. In the trial of an action in the courts of this state to recover on
a promissory note given in the state of Kentucky on the Sab-
bath day, it appearing that the statute of the latter is substan-
tially the same as that of this state, under which it is held that
such a note is not enforceable, and the foreign statute being
put in evidence without any proof of the foreign judicial con-
struction thereof, defendant should have judgment of no cause
of action.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action to recover on a promissory note made and delivered
in the state of Kentucky on Sunday, November 21, 1897. The
defense relied on was that the note was void because executed
and delivered on the Sabbath day. The statute of Kentucky
relied on was put in evidence by stipulation, but the unwrit-
ten law of the state, the judicial construction of such statute,
was not put in evidence. The cause was tried by the court.
Findings were filed to the effect that the note was made and
delivered in the state of Kentucky on November 21, 1897, a
Sabbath day, in settlement of an account for merchandise sold
to defendant some time prior thereto; that plaintiff traveled,
on such day, some fifteen miles to collect said account; and
that the statute of Kentucky, at sec. 1321, provides as fol-
lows:

"No work or business shall be done on the Sabbath day, ex-
cept the ordinary household offices, or other work of necessity
or charity, or work required in the maintenance or operation
of a ferry, skiff, or steam or street railroads. If any person
on the Sabbath day shall himself be found at his own, or any
other trade or calling, or shall employ his apprentices, or
other person, in labor or other business, whether the same be
for profit or amusement, unless such as is permitted above, he
shall be fined not less than two nor more than fifty dollars for
each offense."

As a conclusion of law the court found that the note was
valid by Kentucky law, and that plaintiff was entitled to

judgment for the amount due thereon with interests and costs. Judgment was rendered accordingly.

For the appellant the cause was submitted on the brief of *Max Hoffman,* and for the respondent on that of *Finucane & Conway.*

The respondent contended, *inter alia,* that the laws of Kentucky, where the note was executed and delivered, must govern. Edwards, Bills & N. (3d ed.), § 217; Tiedeman, Commercial Paper, § 507; *Hull v. Augustine,* 23 Wis. 383. Under the statutes of Kentucky, notes executed and delivered on the Sabbath were not void unless the business that constituted the consideration was transacted on the Sabbath. *Ray v. Catlett,* 12 B. Mon. 535; *Campbell v. Young,* 9 Bush, 240; *Dohoney v. Dohoney,* 7 Bush, 217; *Rice v. Comm.* 3 Bush, 14; *Watts v. Comm.* 5 Bush, 309; *Prather v. Harlan,* 6 Bush, 187. Similar ruling under statutes of New York, Missouri, Nebraska, and Ohio. *Merritt v. Earle,* 29 N. Y. 115; *Boynton v. Page,* 13 Wend. 425; *Watts v. Van Ness,* 1 Hill, 76; *Smith v. Wilcox,* 24 N. Y. 353; *Glover v. Cheatham,* 19 Mo. App. 656; *More v. Clymer,* 12 Mo. App. 14; *Horacek v. Keebler,* 5 Neb. 355; *Fitzgerald v. Andrews,* 15 Neb. 52; *Bloom v. Richards,* 2 Ohio St. 387.

MARSHALL, J. The vital question for consideration is this: Is a promissory note, made and delivered in the state of Kentucky on the Sabbath day, in settlement of an account for merchandise, such making and delivery being part of a business transaction involving the collection of such account, valid by the Kentucky law? From the manner the question suggested is presented here, we apprehend that there was a similar presentation in the trial court, and that it was there assumed that the unwritten law of Kentucky, consisting of the decisions of its highest court construing the statute in question, was before the court for consideration without proof thereof. If so, manifestly, the court committed error. The

statutes of another state and the decisions of its courts as well can only be considered by the courts of this state, when material to prove some fact essential to a cause of action or defense, when put in evidence in the way pointed out by our statutory rules of evidence (secs. 4136, 4138, Stats. 1898), unless some other method is adopted by stipulation of the parties. No proof was offered in this case as to the unwritten law of Kentucky. The trial court did not have notice of the judicial decisions of that state which have been cited to our attention. Neither have we such notice. *Slaughter v. Bernards,* 88 Wis. 111. The case must therefore be decided without their aid, though we will say in passing that it does not seem that they would vary the conclusion we have reached if they were in evidence in the case.

It is considered that if the validity of the note were to be tested by the statutes of this state it would be held void. There can be no question about that. A comparison of such statute with the Kentucky law fails to make any difference between the two, if one exists, sufficiently significant to be discoverable. The language of the Kentucky law is:

"No work or business shall be done on the Sabbath day," etc. "If any person on the Sabbath day shall himself be found at his own or any other trade or calling," etc., "he shall be fined," etc. Ky. Stats. § 1321.

The language of the Wisconsin statute is:

"Any person who shall . . . do any manner of labor or business or work," etc., "on the Sabbath day, shall be punished," etc. Stats. 1898, sec. 4595.

Both statutes clearly prohibit the doing of any business on the Sabbath day, with certain exceptions not affecting this case. Loaning money and taking a note therefor is business within the meaning of the statute. *Troewert v. Decker,* 51 Wis. 46. By the same reasoning the settlement of an old account for merchandise sold, and the taking of a note therefor, is business. Such acts by a person are business of his own,

are the following of "his own trade and calling," within the literal sense of the language of the Kentucky statute. In the absence of proof to the contrary, where proof of a foreign law is material to a cause of action or defense, and none is produced, we must presume that our own law on the same subject, and such foreign law, similarly worded, have the same meaning. *Slaughter v. Bernards, supra.* It follows necessarily that the note in question must be held to be void by the Kentucky law the same as it would be by the law of this state if it had been made and delivered here under the same circumstances as it was made and delivered there. That conclusion renders consideration of any other question presented on the appeal unnecessary.

*By the Court.*—The judgment is reversed and the cause remanded with directions to render judgment dismissing the complaint with costs.