440 F.Supp. 670 (1976)
UNITED STATES of America
v.
Miguel A. DÁVILA.
Crim. No. 75-310.
United States District Court, D. Puerto Rico.
November 9, 1976.
*671 Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for plaintiff.
George L. Weasler, Santruce, P. R., for defendant.

OPINION AND ORDER
PESQUERA, District Judge.
In the instant case defendant has brought an appeal before this Court pursuant to Rule 8 of the Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates. On July 2, 1976 Magistrate John M. García found the defendant guilty as charged of a violation of Title 18, United States Code, Section 1726, which provides as follows:
"Whoever, being a postmaster or other person authorized to receive the postage of mail matter, fraudulently demands or receives any rate of postage or gratuity or reward other than is provided by law for the postage for such mail matter, shall be fined not more than $100 or imprisoned not more than six months, or both."
Defendant was accused of fraudulently demanding and receiving, without authority, postage in excess of the amount authorized by law.
Defendant timely appealed from the Magistrate's finding. In his brief, defendant alleges that the Court below abused its discretion in finding the testimony submitted was sufficient to prove the charges set forth against him.
From the transcript of the proceedings before the Magistrate it appears that Postal Inspectors Stuart and Kamichoff were investigating complaints pertaining to overcharges on postage at the Río Piedras Station. Said investigation centered on defendant Miguel A. Dávila. To conduct the investigation, Postal Inspectors Stuart and Kamichoff prepared four parcel packages, checked their weight and determined the postage which according to the procedures utilized by the postal service, had to be paid for mailing the same to their respective destinations. Three of the packages were to be mailed to the United States. The remaining package was to be mailed to the Dominican Republic. On November 6, 1975, the packages were taken by four different persons to defendant's window at the Río Piedras Station. Immediately after mailing the packages, these persons went to Inspector Stuart and on slips of paper (Government Exhibits 7, 8, 9 and 10) wrote the amount of postage defendant had charged them. These slips of paper contain the information pertaining to each one of the packages prepared by Inspector Stuart. On the same day, November 6, 1975, Postal Inspectors Stuart and Kamichoff retrieved the four packages mailed during the course of the work day (Government Exhibits 1, 2, 3 and 4). Once the packages were retrieved, Inspectors Stuart and Kamichoff found that the postage meter stamp on each of the packages had the correct postage. However, from the information contained in Government Exhibits 7, 8, 9 and 10 it was apparent that defendant had overcharged in the mailing of the prepared packages. The defendant had affixed the correct postage meter stamp but he had overcharged the customers one dollar on each of the three packages mailed to the United States and two dollars on the package mailed to the Dominican Republic.
It is advanced on this appeal that the Court erred when it found that the testimony submitted was sufficient to prove the charges against the defendant. This question of the sufficiency of the evidence is raised through an attack on the credibility of the Government witnesses.
In the instant case the role of this Court in reviewing factual issues is limited. Rule 8(d) of the Federal Rules of Procedure for the Trial of Minor Offenses before a United States Magistrate, Title 18, United States Code (Rules Volume) provides:
"Scope of Appeal: The defendant shall not be entitled to a trial de novo by the judge of the district court. The scope of appeal shall be the same as on an appeal *672 from a judgment of a district court to a court of appeals." (emphasis added)
In reviewing the record to determine the sufficiency or insufficiency of the evidence, it is not for this Court to weigh the evidence or determine the credibility of the witnesses. The decision of the Magistrate must be sustained if there is substantial evidence, taking the view most favorable to the prosecution, to support it.
A fraudulent demand of excess postage is made if known to be untrue, or made with reckless indifference as to its truth or falsity, and made with the intent to deceive. This intent means to act knowingly and with the specific intent of either causing some financial loss to another, or bringing about some financial gain to one's self. Intent cannot ordinarily be proved by direct evidence, because there is no way to scrutinize the operations of the human mind. But, a trier of fact may infer intent from surrounding circumstances which indicate a state of mind. So, circumstantial evidence is sufficient to sustain a conviction when the facts and circumstances are such as legitimately tend to sustain an inference of their existence.
Applying these rules to the evidence in this case we think it is clear that the Magistrate was warranted in inferring that the defendant acted knowingly, willfully and with the intent to defraud by overcharging postal customers. Defendant admitted he handled the mailing of the package addressed to the Dominican Republic as to which he claims the element of error as a defense. Such a claim, obviously, loses validity if it is admitted, or found, as it was found that he also handled the mailing of the other three packages. In these three packages the overcharge coincide and as in the first one, the overcharge is for a round dollar figure. This circumstance, of course, destroys any possibility of error in weighing or considering the destination of the packages.
As to the credibility of the witnesses the whole of the evidence sustain the inferences of the Magistrate. Furthermore, he had the advantage of seeing the witnesses and hearing them testify.
It has been consistently held that a court of appeals may not reverse judgment on fact findings of a lower court unless such findings are clearly erroneous. Price v. Atlantic Coast Line R. Co., 213 F.2d 9. In applying the "clearly erroneous" test, the question is not simply whether the reviewing court could have found otherwise, but whether the trial court could permissibly find as it did, and as such the reviewing court should upset findings only when it is convinced on the whole record that the findings do not reflect the truth of the case. Movible Offshore, Inc. v. M/V Wilken A. Falgout, 471 F.2d 268, 271 (5th Cir. 1973).
After a review of the trial manuscript in the instant case, the Court is not convinced that a mistake was committed in the evaluation of the testimonies heard by the United States Magistrate. The Court finds that the decision made by the Magistrate does not reflect partiality, prejudice, or bias against the defendant. In addition, we find that said decision is supported by substantial evidence from the record.
Although not raised as an error on appeal, it is mentioned by appellant that he was threatened and put under pressure to resign. The record clearly reveals that upon his arrest, defendant was instructed as to his rights, promptly brought before a Magistrate, released on his own recognizance and that no coercion was utilized against him by the postal inspectors.
For the above stated reasons, defendant's appeal is hereby dismissed and the Magistrate's decision in the present case is affirmed.