UNITED STATES of America, Plaintiff,

v.

Peter L. WELTE, Defendant.

No. C2–81–49.

United States District Court,
North Dakota,
Northeastern Division.

March 1, 1982.

Lynn Crooks, Asst. U.S. Atty., Fargo, N.D., for plaintiff.

David A. Engen, Grand Forks, N.D., Murray G. Sagsveen, Bismarck, N.D., for defendant.

## MEMORANDUM AND ORDER

BENSON, District Judge.

The above entitled case is before the court on defendant's timely appeal from the United States Magistrate's [1] judgment of conviction entered against him for violation of 16 U.S.C. § 668dd(c). Appellant was found guilty of placing drain tiles in a ditch out of a pothole on his property. The property, located in Grand Forks County, North Dakota and described as the NW¼,

---

1. Honorable Ronald M. Dosch, United States Magistrate.

Section 28, Township 151N, Range 56W (tract 16X), was purchased by appellant subject to an easement in perpetuity. The easement grants waterfowl management rights to the United States of America, acting by and through the United States Department of the Interior, the United States Fish and Wildlife Service and the Bureau of Sport Fisheries and Wildlife. The easement provides for maintenance of tract 16X as a "waterfowl production area." The grantor of the easement agreed, *inter alia*, that he would cooperate in the maintenance of the land as a waterfowl production area "by not draining or permitting the draining ... of any surface water including lakes, ponds, marshes, sloughs, swales, swamps, or potholes, now existing or reoccuring due to natural causes ... by ditching or any other means...." Appellant does not dispute the validity of the easement.

Appellant raises four issues on appeal: (1) private land subject to an "easement for waterfowl management rights" is not an area of the National Wildlife Refuge System (NWRS); (2) if such land is an area of the NWRS, the United States has failed to prove the drained land was a part of the NWRS; (3) private land subject to an easement for waterfowl management rights is not real or personal property of the United States; and (4) the United States did not prove, beyond a reasonable doubt, that appellant knowingly damaged any property of the United States in the NWRS.

Subsection 668dd(c) provides, in pertinent part, that "[n]o person shall knowingly disturb, injure, cut, burn, remove, destroy, or possess any real or personal property of the United States, including natural growth, in any area of the [National Wildlife Refuge] System...." *Id.* Subsection 668dd(e) provides that "[a]ny person who violates or fails to comply with any of the provisions of this Act ... shall be fined not more than $500 or be imprisoned not more than six months, or both." *Id.*

Appellant's initial premise on appeal, that private land subject to an easement for waterfowl management rights is not an area of the NWRS as required by subsection 668dd(c), is without merit. The easement in question provides for maintenance of the land as a "waterfowl production area." Subsection 668dd(a) [2] provides for the consolidation of various categories of areas administered by the Secretary of the Interior for the conservation of fish and wildlife. These consolidated areas are designated as the "National Wildlife Refuge System." "Waterfowl production areas" are specifically listed in this consolidating section and, by definition, are part of the NWRS.

Given that tract 16X is part of the NWRS, appellant argues the United States has failed to prove that the drained land is part of the NWRS. Appellant's argument derives from information appearing in Defense Exhibit A, an Easement Summary concerning tract 16X. The summary states that tract 16X includes 22 acres of wetlands valued at $22.72 per acre. Appellant contends the government should be required to separately identify these 22 acres and prove that the drained area was part of the 22 acres. Had the government obtained an easement on only 22 acres, appellant would have a valid point. The government obtained its easement on all 160 acres, however. The Secretary of the Interior acted within his power in obtaining an easement over the quarter section of land. *United States v. Albrecht*, 496 F.2d 906, 911 (8th Cir.1974). The government proved

**2.** Subsection 668dd(a) of Title 16, United States Code, provides in pertinent part as follows:

(a) For the purpose of consolidating the authorities relating to the various categories of areas that are administered by the Secretary of the Interior for the conservation of fish and wildlife, including species that are threatened with extinction, all lands, waters, and interests therein administered by the Secretary as wildlife refuges, areas for the protection and conservation of fish and wildlife that are threatened with extinction, wildlife ranges, game ranges, wildlife management areas, or waterfowl production areas are hereby designated as the "National Wildlife Refuge System" (referred to herein as the "System"), which shall be subject to the provisions of this section.

beyond a reasonable doubt that the drained area was located within tract 16X (tr. at 52) and was a part of the NWRS.

■ Appellant's third issue on appeal raises the issue primarily argued in his pretrial motion to dismiss. Appellant argued below that tract 16X is private land subject to an easement and as such it is not "real or personal property of the United States." The magistrate denied the motion to dismiss, finding that the government had obtained an easement interest in tract 16X which was subject to the enforcement provisions of 16 U.S.C. § 668dd(c). The magistrate did not err in reaching this conclusion. While an easement does not grant possession in fee of the servient estate (tract 16X), an easement is "an interest in land in the possession of another...." Restatement of Property § 450 (1944)[3] and is, therefore, property. Thus the easement covering 16X was property of the United States. *See United States v. Virginia Electric Company,* 365 U.S. 624, 627, 81 S.Ct. 784, 787, 5 L.Ed.2d 838 (1961) (flowage easement is "property" within the meaning of the Fifth Amendment); *United States v. Welch,* 217 U.S. 333, 339, 30 S.Ct. 527, 54 L.Ed.2d 787 (1910) ("A private right

of way is an easement and is land."); *Duke Power Company v. Toms,* 118 F.2d 443, 447 (4th Cir.1941) (mineral rights easement is property); *Lynn v. United States,* 110 F.2d 586, 589 (5th Cir.1940) (an easement is property which, when taken, must be compensated); *Tenney Telephone Company v. United States,* 82 F.2d 788 (7th Cir.1936) (per curiam) (easement is private property). *See also* 25 Am.Jur.2d Easements and Licenses § 2 at 418 (1966) ("An easement is ... property or an interest in land."); 2 Nichols on Eminent Domain § 5.72 (Rev'ed 3rd Ed.1981).

■ Finally, appellant asserts the government did not prove beyond a reasonable doubt that appellant knowingly[4] damaged any property of the United States in the NWRS. The scope of review by a district court of a conviction before a magistrate is stated in Rule 7(e) of the Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates, 18 U.S.C.A. (Supp.1981). Rule 7(e) provides "[t]he defendant shall not be entitled to a trial *de novo* by a judge of the district court. The scope of appeal shall be the same as an appeal from a judgment of a district court to a court of appeals." Therefore, in re-

---

**3.** Restatement of Property § 450 (1944) provides fully as as follows:

An easement is an interest in land in the possession of another which

(a) entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists;

(b) entitles him to protection as against third persons from interference in such use or enjoyment

(c) is not subject to the will of the possessor of the land;

(d) is not a normal incident of the possession of any land possessed by the owner of the interest, and

(e) is capable of creation by conveyance.

**4.** Subsection 668dd(c) should not be construed as requiring specific intent. Though no published case addresses this issue, the court finds *United States v. Allard,* 397 F.Supp. 429 (D.Mont.1975) instructive. In *Allard,* the defendant was found guilty of selling golden eagle feathers in violation of 16 U.S.C. § 668(a). That subsection provides in pertinent part that "[w]hoever ... shall knowingly ... sell ... any golden eagle ... or any part [of a golden eagle] ... shall be fined not more than $5000 or im-

prisoned not more than one year or both...." *Id.* Originally the maximum penalty under § 668(a) was a $500 fine and six months imprisonment, the penalty presently provided for violation of § 668dd(c). *United States v. Allard, supra* at 432. The *Allard* court determined that a specific intent to violate the law was not required because of the regulatory nature of wildlife protection laws, the moderate penalty, and the fact that a first offense is a misdemeanor. The court stated:

The rule of general application seems to be that in "regulatory measures ... where the emphasis of the statute is evidently upon ... social betterment rather than the punishment of the crime as in cases of *mala in se* ..." a specific intent is not required. In this area the axiom that ignorance of the law is no excuse seems to be true.

*United States v. Allard, supra* at 432 quoting *United States v. Balint,* 258 U.S. 250, 252, 42 S.Ct. 301, 302, 66 L.Ed. 604 (1922). *See also Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

In the case at bar, the government proved beyond a reasonable doubt that defendant knew he was draining land in tract 16X.

viewing the sufficiency of the evidence, the court will view the evidence in its entirety and in the light most favorable to the government. *United States v. Acri Wsle. Grocery Company,* 409 F.Supp. 529, 531 (S.D. Iowa 1976). The magistrate's decision must be sustained if there is substantial evidence to support it. *United States v. Davila,* 440 F.Supp. 670, 672 (D.P.R. 1976).

The record reflects that appellant became the equitable owner of tract 16X on September 28, 1979. During the fall of 1979, the Fish and Wildlife Service learned that a drainage ditch had been dug on tract 16X in violation of the easement agreement. The Service notified appellant of the violation and appellant agreed to fill in the ditch. Appellant thus had actual knowledge that drainage on tract 16X was impermissible. Further, appellant had earlier received a courtesy letter from the Fish and Wildlife Service Wetland Office informing him of the existence of the easement on tract 16X. The letter explained that the purpose of the easement was to preserve waterfowl habitat and to protect natural wetlands from drainage, burning, filling, and leveling.

In April of 1981, acting on an anonymous tip, Assistant Refuge Manager Steven Brock checked the refilled ditch and discovered drainage tile and pipe buried therein. Brock then charged appellant with the instant violation of 16 U.S.C. § 668dd(c).

Appellant argues the government failed to prove that he drained the wetland as alleged. Though no direct evidence was presented, circumstantial evidence is sufficient to sustain a finding that appellant knowingly violated the easement agreement and subsection 668dd(c). *See United States v. Davila, supra* at 672. The magistrate could infer appellant so acted because appellant alone would benefit from drainage of his land. Further, appellant had refilled the ditch and had the opportunity

to lay the offending drainage tile and pipe while refilling the ditch.

The court concludes there is substantial evidence in the record to sustain the magistrate's finding that appellant violated 16 U.S.C. § 668dd(c) in violation of an easement contract. The record as a whole supports the judgment.[5]

IT IS ORDERED the judgment of the magistrate is affirmed.

---

**5.** Appellant has filed a motion for oral argument, essentially in lieu of a formal reply brief. The Local Rules do not provide for filing of a reply brief. The court finds oral argument would not aid in the disposition of this appeal. Appellant's motion for oral argument is denied.