UNITED STATES of America, Plaintiff,

v.

Wesley D. WORNOM, Defendant.

Civ. A. No. 90–00003–1.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Jan. 14, 1991.

518

Ray B. Fitzgerald, Jr., Richmond, Va., for U.S.

Wesley D. Wornom, pro se.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This case is on appeal from the magistrate's conviction of the defendant Wornom for speeding on the Skyline Drive. At the hearing before the magistrate, Wornom made a motion concerning the accuracy of the radar device and the government's failure to prove guilt beyond a reasonable doubt. The magistrate treated this motion as one to suppress the radar evidence and granted such motion. However, the magistrate nonetheless found the defendant guilty based on additional testimony. Wornom has asked this court to reverse his conviction on the grounds that the government offered insufficient evidence to establish guilt beyond a reasonable doubt. The court having reviewed the pleadings and a tape of the magistrate's hearing, the appeal is now ripe for disposition.

Rule 7(e) of the Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates provides "The scope of appeal shall be the same as on an appeal from a judgment of a district court to the court of appeals." In reviewing the sufficiency of the evidence to sustain the defendant's conviction, the court should examine such evidence "in the light most favorable to the government." *United States v. Welte*, 635 F.Supp. 388, 390 (D.N.D.1982).

■ The court makes the initial observation that Wornom is proceeding *pro se* and thus the court will take extra caution to construe liberally his assertions which may not on their face be factually accurate or legally sufficient.[1] In his Notice of Appeal, Wornom incorrectly states that "the

magistrate found on the record that the radar evidence was insufficient to sustain the charge of speeding at the conclusion of the government's evidence in its first case." Defendant's Notice of Appeal from Decision of Magistrate. In fact, the magistrate found that the government, in response to Wornom's objections to the accuracy of the radar evidence, did not sufficiently establish such accuracy and consequently the evidence was inadmissible. The court cannot find that this ruling was clearly erroneous or contrary to law. Wornom further asserts that he did not intend for the evidence to be stricken; rather, he intended to show through cross examination and his own testimony that even if the equipment was properly certified, the Ranger improperly operated it, and thus the device inaccurately indicated that Wornom was speeding. Because he was not allowed the opportunity so to discredit the use of the radar, Wornom claims, the magistrate may have had a mistaken impression that Wornom had indeed been speeding. The court finds no merit to this argument. Even if Wornom had discredited the radar evidence, the effect could not have been more beneficial to Wornom than the result of what actually transpired—i.e. that the magistrate completely disregarded the radar results.

■ Wornom's assertion that the magistrate erred in considering his motion as a motion to suppress is also unfounded. The tape of the hearing reveals that Wornom objected to the introduction of the radar evidence. This court has not found one instance in which Wornom specifically made a motion to dismiss at the hearing. Furthermore, the magistrate specifically noted that Wornom had essentially raised a motion to suppress based on the accuracy of the radar equipment and that he sustained the motion. Not only did Wornom not object to the classification of his motion, he in fact thanked the magistrate twice for making the ruling.

---

**1.** The court notes Wornom's assertion that he is a law school graduate who has not practiced law.

■ Even if Wornom had articulated a motion to dismiss, the government had not rested its case when he made the motion and thus a motion to dismiss was untimely. Secondly, even if the magistrate had considered it as a proper motion to dismiss, the tapes of the proceeding indicate that even without the radar readings the government had sufficient evidence of the defendant's guilt from which the magistrate could determine that Wornom had been speeding; consequently, the magistrate could not have granted a motion to dismiss.

The court notes that Wornom's statements in his pleadings that the magistrate granted his motion to dismiss are completely incorrect. Although the magistrate inadvertently stated that the case was dismissed, he did so upon the mistaken belief that the government had no further evidence of Wornom's guilt. Upon realizing that he had spoken too soon, the magistrate proceeded with the hearing. In addition, the magistrate considered Wornom's motion as a motion to suppress; because he did not even address a motion to dismiss, he obviously did not grant it.

■ Wornom also contends that the United States essentially tried him twice for the same offense when it was allowed to examine further Ranger Clark after the magistrate struck the radar evidence. The recording of the hearing indicates that Clark had not completed his testimony prior to Wornom's motion, nor had the government rested its case against Wornom. The government could thus properly introduce additional evidence of guilt after the magistrate decided the issue of the radar evidence.

■ Wornom further contends that, pursuant to applicable state laws and federal regulations, the applicable speed limit on Skyline Drive could not be lower than forty-five miles per hour.[2] The court finds this argument without merit. Because the federal regulations determine how the speed limit on federal roads is to be determined, it controls over state law requirements for reducing speed limits generally.

■ As to Wornom's argument that the evidence at the hearing was insufficient to support the magistrate's findings, the court makes the following observations from the tape of the hearing. The defendant, over the government's objection, introduced testimony that Clark told him that the radar indicated the speed of the vehicle in front of Wornom to be 42 miles per hour.[3] Both Clark and Wornom testified that Wornom was not overtaking that vehicle. Clark testified that, by visual observation, he determined that Wornom was travelling faster than 50 miles per hour. Wornom testified that he was travelling at 35 miles per hour, one hundred feet behind the vehicle in front of him.

This testimony clearly presented the magistrate with an issue of fact as to Wornom's speed. This court can only reverse the magistrate's determination of guilt if it is clearly erroneous or contrary to law. The court does not so find and consequently affirms Wornom's conviction.

The United States has asked this court to determine that the magistrate's decision to suppress the radar evidence was erroneous as a matter of law. Although the government did not raise its appeal in a timely manner, and despite the fact that this issue may not be ripe under the circumstances of this case, the court believes that the matter should be addressed. As the magistrate expressed at the hearing, the issue needs to be settled. Both the government and the defendants ought to know what standards will apply in cases of speeding on federal property.

The government charged the defendant with violating 36 C.F.R. § 4.21. The magistrate held that, in accordance with 36 C.F.R. § 4.2, section 4.21 is an assimilated statute which incorporates state law and consequently the government must comply

---

2. Wornom cites 36 C.F.R. §§ 4.2, 4.21; and Title 46.2–878 of the Virginia Code.

3. Contrary to Wornom's assertions, that Clark did not pursue the vehicle ahead of Wornom for speeding *is irrelevant to this action.*

with state law requirements for radar evidence.

In Virginia, the use of radar is governed by Title 46.2 of the Code of Virginia, section 882, which provides:

> In any court or legal proceeding in which any question arises about the calibration or accuracy of any radar ... device ... used to check the speed of any motor vehicle, a certificate, or a true copy thereof, showing the calibration or accuracy of the speedometer of any vehicle or any tuning fork employed in calibrating or testing the device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated.

In a recent opinion addressing this statute,[4] the Court of Appeals of Virginia held that an officer's testimony that a radar device had responded appropriately to the tuning forks was not sufficient to demonstrate the accuracy of the device. *Myatt v. Commonwealth*, 11 Va.App. 163, 397 S.E.2d 275, 277 (Va.Ct.App.1990). Because the accuracy of the tuning forks had not been established,[5] "there was no evidence upon which to find that the radar device appropriately responded to the tuning forks", and consequently "The evidence of the accuracy of the radar device [was] insufficient." *Id.*

■ At the magistrate's hearing, the government did not provide certificates of the accuracy of either the speedometer or the tuning forks which were used to calibrate the radar device, despite Ranger Clark's admission that such certificates could be obtained. In light of the standard set forth in *Myatt*, the court finds that the magistrate was correct in disallowing the use of the radar evidence in this case.

In its objection to the magistrate's finding, the government expresses "substantial constitutional concerns" about the government's being bound by state "rules of evidence in a federal prosecution for a federal violation occurring on a federal reservation". Government's Second Motion to Dismiss Appeal From a Decision of the Magistrate. However, the governing regulation specifically states that "Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now ... in effect is adopted and made a part of the regulations in this part". 36 C.F.R. § 4.2(a). The federal regulations do not address the means by which the government must show that its radar evidence is accurate.[6] Therefore, inasmuch as Title 46.2 section 882 of the Virginia Code is a state law governing traffic violations, this court agrees with the magistrate that the section applies to all federal speed limit charges under 36 C.F.R. § 4.21.[7]

■ The government also objected to Wornom's challenge of the radar equipment's accuracy on the grounds that Wornom had not given the government adequate notice of his defense in accordance with Rule 12 of the Federal Rules of Criminal Procedure. This argument did not prevail before the magistrate, and it fares no better here. In a speeding case in which the government relies on the use of radar, the accuracy of the radar is always at issue. In the instant case, the government offered evidence concerning the radar's ac-

---

**4.** The court's opinion addresses § 46.2–882 prior to the 1990 amendment of that section. The amended version provides that a certificate of the accuracy of the tuning forks is admissible hearsay, whereas the prior version did not so provide.

**5.** Because the statute then in effect allowed the admission of a certificate verifying the accuracy of calibration by use of a speedometer, the accuracy of the radar in *Myatt* was sufficiently established by the admission of such a certificate.

**6.** The federal regulation allows the use of "radiomicrowaves or other electrical devices to de-

termine the speed of a vehicle on a park road". 36 C.F.R. § 4.21(d). The regulation contains no provision regarding the accuracy of such devices.

**7.** The court is puzzled by the government's assertion that the magistrate's determination was in error because the provision under which Wornom was charged contained no limitation on the use of radar evidence. It is exactly because the federal regulation contains no limitation on the use of radar evidence that the state law provisions become applicable pursuant to 36 C.F.R. § 4.2.

curacy in its case in chief.[8]  The court finds that Rule 12 notice is not required from a defendant who wishes to challenge the accuracy of radar equipment in a speeding violation case, and that the magistrate correctly so held.

The court agrees that the government may have been taken by surprise by the magistrate's rulings at hearing.  However, the magistrate's rulings were not erroneous.  As previously noted, challenges to radar evidence are hardly a surprise to the government.  In addition, the government is inaccurate when it claims not to have had adequate time in which to respond to "changing circumstances."[9]

An appropriate Order shall this day issue.

---

8. In essence, the government has the burden of establishing the accuracy of the radar equipment as part of its case in chief.  In cases of alleged speeding on federal property, the government has traditionally offered testimony regarding the manner in which the radar was employed, including evidence that the Ranger followed the procedures for confirming the accuracy of the radar.  That the defendant might challenge such evidence should come as no surprise to the government.

9. The government claims that it asked the magistrate for time to collect the certificates.  The court has found no such request for a continuance in its review of the tapes of the hearing.