UNITED STATES of America, Plaintiff,

v.

**Jose R. CARRERAS ACEVEDO,
Defendant.**

No. CRIM 97–0175(PG).

United States District Court,
D. Puerto Rico.

Aug. 11, 1998.

Edna C. Rosario Muñoz, Asst. U.S. Attorney, U.S. Attorney's Office District of P.R., San Juan, PR, for Plaintiff.

Maria Bobonis–Zequeira, Woods & Woods, San Juan, PR, for Defendant.

*OPINION AND ORDER*

ARENAS, United States Magistrate Judge.

The United States Attorney filed an information charging that defendant, residing in a state different from his children, from on or about November 1992, up to an including the date of the filing of the information, had willfully and unlawfully failed to pay a past due child support obligation ordered by the District Court of El Paso County, Texas; that said obligation had remained unpaid for more than one year and that it exceeded five thousand dollars ($5,000), all in violation of the Child Support Recovery Act of 1992, ("CSRA"), 18 U.S.C.A. § 228 (Supp.1998).[1]

This matter is before the court on a motion to dismiss the information filed by defendant José R. Carreras Acevedo on July 20, 1998.[2] Defendant argues that since the Texas court entered an order on June 30, 1998 indicating that child support was current and there were no unpaid medical or hospital bills, this court should dismiss the information. The United States opposed the motion on July 28, 1998 arguing that despite the state court's decision the case against defendant can and should prosper.[3]

■ An information is required only to be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1); *United States v. Barker Steel Co.*, 985 F.2d 1123, 1126 (1st Cir.1993). "The information need not contain ... a formal conclusion or any other matter not necessary to such statement." Fed.R.Crim.P. 7(c)(1). An information is sufficient if it "first, contains the

---

1. The information was filed on August 14, 1997. (Docket No. 1.) A superseding information was filed on January 22, 1998. (Docket No. 23.)

2. Docket No. 50. Defendant filed a supplementary motion to dismiss on July 23, 1998. (Docket No. 52.)

3. Motion in compliance with order and request of trial date. (Docket No. 53.)

elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second enables him to plead an acquittal or conviction in bar of future prosecution for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

■ In the present case, the information alleges that (1) Carreras, by order of a Texas court, was required to pay child support to his two children; (2) that he has willfully failed to pay such court ordered child support during the period between November, 1992 and the time the information was filed, (3) that Carreras has failed to pay such child support in an amount greater than five thousand dollars ($5,000),[4] and finally (4) that the children for whose support the amounts are owed reside in a different state from where he resides. In alleging that Carreras has willfully failed to pay a child support obligation imposed by the court, which is past due, for children living in a state other than that of his residence, in an amount greater than $5,000, the information clearly includes allegations with regard to all of the elements of the criminal offense as defined by the statutory language. 18 U.S.C.A. § 228; *United States v. Johnson,* 114 F.3d 476, 482 (4th Cir.1997); *United States v. Bongiorno,* 106 F.3d 1027, 1030 (1st Cir.1997); *United States v. Sage,* 92 F.3d 101, 103–04 (2nd Cir.1996).[5]

In requesting dismissal of the information, defendant alleges that in the instant case there is no "past due support obligation" as defined by the statutory language of the CSRA. He alleges that a "past due support obligation" means any amount determined by a state court or during administrative pro-ceeding to be due for the support of a child. Defendant argues that since in the present case there has been no determination by any state court and/or administrative procedure that there is an amount past due regarding defendant's support obligations, that the charges should be dismissed. However, I disagree with defendant's interpretation of the term "past due support obligation" because by its plain language CSRA does not require a state court order or administrative ruling indicating that there is an amount past due, as an essential element of the offense.

The federal courts which have dealt with this issue have held that a state court order or administrative ruling fixing arrearage amount is not a prerequisite to prosecution under the CSRA. *United States v. Black,* 125 F.3d 454, 464 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1821, 140 L.Ed.2d 957(1998). The Court of Appeals for the Seventh Circuit has held that "Congress could have explicitly required that there be a specific arrearage order entered by a state court or agency which establishes the exact amount owed by the wayward parent ... [instead it] ... required that there be a state court order which creates the underlying obligation due by the nonpaying parent." *Id.* 125 F.3d at 464 (citing *United States v. Collins,* 921 F.Supp. 1028, 1031 (W.D.N.Y.1996) (liability under CSRA not conditioned upon specific finding by state court or agency of defendant's past due child support obligation as to its actual amount and existence)). In agreement with the federal courts that have discussed this issue, I find that Congress required "only that the government allege and prove at trial the existence of a valid court or state administrative agency ruling creating the obligation, and the fact of non-

4. The Information also alleges that the child support obligation has remained unpaid for more than a year. The statute only requires that the amount be unpaid for one year or that it be greater than $5,000. However, in this case the United States Attorney has alleged that both condition were met. 18 U.S.C.A. § 228(d)(1)(B) (Supp.1998).

5. Ronald S. Kornreich, *The Constitutionality of Punishing Deadbeat Parents: The Child Support Recovery Act of 1992 after United States v. López,* 64 FORDHAM L. REV. 1089, 1098 (1995) (citing Memorandum from the Office of the Attorney General, Janet Reno, to the United States Attorneys: Prosecutive Guidelines and Procedures for the Child Support Recovery Act of 1992, at 1 (July 13, 1993) ("[I]n order to convict a defendant under the CSRA, the United States must prove five elements. Guidelines require that: (1) a known past-due support obligation exists; (2) the obligation is either greater than $5,000 or has remained unpaid for longer than a year; (3) the defendant has the ability to pay the obligation; (4) the defendant willfully failed to pay the obligation; and (5) the child resides in another state.'"))

payment as required by the order or ruling as to a child living in another state." *United States v. Collins,* 921 F.Supp. at 1031.

If a Texas court ordered Carreras to pay child support and he willfully failed to do so for the time or in the amount specified in the Act, this court may find that he violated the Act regardless of whether after the charges were filed he obtained an order from the state court indicating that he at a later date satisfied his obligation. Just as the courts in *Black* and *Collins* have held, I am satisfied that the existence of an order establishing defendant's obligation to pay child support is all that the language and the purpose of the Act require for there to be a "past due child support obligation." *United States v. Black,* 125 F.3d at 464; *United States v. Collins,* 921 F.Supp. at 1031–31. The fact that defendant Carreras made a payment after the charges against him had been filed, does not necessarily relieve him from responsibility under the CSRA which criminalizes the failure to pay child support.

This court in applying the CSRA has the authority to determine whether based upon the state order which created the child support obligation, Mr. Carreras willfully failed to pay child support for over a year or whether the amount owed exceeded $5,000, in violation of the statute.

The motion to dismiss is denied.

SO ORDERED.