**UNITED STATES of America,**
**Plaintiff,**

v.

**Jose R CARRERAS, Defendant.**

**No. Crim. 97–175(PG).**

United States District Court,
D. Puerto Rico.

March 14, 2000.

---

2. Plaintiffs' motion at p. 2 (emphasis ours).

Melvin Rosario–Rodriguez, Old San Juan, PR, Rachel Brill, Hato Rey, PR, Maria Del P. Bobonis–Zequeira, Hato Rey, PR, for Jose R. Carreras–Acevedo, defendant.

Edna C. Rosario–Munoz, U.S. Attorney's Office District of P.R., Civil Div., Hato Rey, PR, for U.S.

### OPINION & ORDER

PEREZ–GIMENEZ, Judge.

Before this Court is Defendant–Appellant José R. Carreras' Appeal of a decision by United States Magistrate Judge Justo Arenas finding Carreras guilty of violating 18 U.S.C. § 228, the federal "deadbeat dad" statute.[1] Carreras has appealed the Magistrate Judge's ruling on numerous grounds. Plaintiff–Appellee United States urges the Court to uphold the finding of guilt.

The Court reviews the Magistrate's decision as a Court of Appeals reviews a District Court's decision. That is to say, this Court views the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *See United States v. Robinson,* 523 F.Supp. 1006, 1012 (E.D.N.Y.1981). The Court will only reverse the Magistrate if the findings are clearly erroneous.[2] *See id.*

The crux of Appellant's contentions is that Magistrate Judge Arenas treated him unfairly. Because the Court disagrees with Appellants interpretation of fairness in this case, the Court affirms the Magistrate's determination in this case.

■ Appellant's first allegation may be summarily dismissed; Appellant contends

---

**1.** Section 228's formal title is "Failure to pay legal child support obligations." 18 U.S.C. § 228.

**2.** "[T]he only remaining question is whether there was sufficient evidence to establish the element of knowledge. In this regard, we must view the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60[, 62 S.Ct. 457, 86 L.Ed. 680] ... (1942); *United States v. Davila,* 440 F.Supp. 670, 671–72 (D.P.R.1976). *See* Rule 8(d), Federal Rules of Procedure for the Trial of Minor Offenses Before U.S. Magistrates. We must draw all reasonable inferences in favor of the government, *United States v. Marchisio,* 344 F.2d 653, 662 (2d Cir.1965), and reverse only if the Magistrate's conclusions were clearly erroneous. *United States v. Hughes,* 542 F.2d 246, 248 (5th Cir.1976)." *United States v. Robinson,* 523 F.Supp. at 1012.

that he did not receive a speedy trial as is required under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161. Both parties infused the Court with hearty briefs outlining exactly what time periods should be excludable and non-excludable under a STA analysis. This issue would have been best left quiet as time passed cannot be recovered. For although the Court is extremely sensitive to the concerns presented in STA cases, both the United States and Appellant neglected to consider that Appellant was convicted of a Class B misdemeanor. *Cf. United States v. Nachtigal,* 507 U.S. 1, 2, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993). The STA makes clear that Class B and C misdemeanors (as well as infractions) are not considered "offenses" and thus are not included under the STA. *See* 18 U.S.C. § 3172. *See, e.g., United States v. Verlin,* 1997 WL 723433, at *1 (D.Kan. Oct. 17, 1997). Therefore, the parties otherwise "timely" arguments are irrelevant.

■ Appellants second issue for this Court alleges that the United States did not present sufficient evidence to demonstrate that the Defendant was behind in his payments for more than $5,000.00 or more for one year or longer in terms of his negligence in making his child support payments. Appellant concludes that the only evidence introduced in this case was through Shirley Oschart, the former wife of Carreras. Appellant contends that Oschart's "uncorroborated statements could not be sufficient to enable a conclusion of guilt." Apparently, the word of a witness, "no matter how credible a witness she may have been, cannot possible suffice" to prove that Appellant was in arrears. As creative as this new law would be, it suffers from its own imagination. In essence, Appellant asks the Court to reexamine and weigh the evidence in place of the Magistrate Judge. As the trier of fact, this was the Magistrate's duty. Thus the Magistrate's decision must stand. Not only may Oschart's word be found to suffice, the Magistrate did find Oschart's word to suf-

fice in finding Carreras guilty. The Magistrate believed Oschart and disbelieved Appellant.

The Court is reminded of a passage from a similar case that is pertinent to the case at hand:

It is advanced on this appeal that the Court erred when it found that the testimony submitted was sufficient to prove the charges against the defendant. This question of the sufficiency of the evidence is raised through an attack on the credibility of the Government witnesses.... In reviewing the record to determine the sufficiency or insufficiency of the evidence, it is not for this Court to weigh the evidence or determine the credibility of the witnesses. The decision of the Magistrate must be sustained if there is substantial evidence, taking the view most favorable to the prosecution, to support it.

*United States v. Davila,* 440 F.Supp. at 671–72. As stated previously, this Court reviews a Magistrate's finding under the clearly erroneous standard. In this case, the Magistrate's conclusion is not clearly erroneous and his decision is affirmed.

■ The third issue put forth by Appellant is whether the existence of a state court order obviated the jurisdiction for the federal action. Appellant points to no precedent that would cause the Court to overturn the Magistrate's determination to the contrary. As the Magistrate so wrote, "[i]f a Texas court ordered Carreras to pay child support and he willfully failed to do so ..., this court may find that he violated the [Child Support Recovery] Act regardless of whether after charges were filed he obtained an order from the state court indicating that he at a later date satisfied his obligation." *United States v. Carreras,* 14 F.Supp.2d 194, 195 (D.P.R.1998).

■ Appellant's fourth issue on appeal concerns a $24,500.00 check payable to Oschart, sent after the filing of the complaint. It is Appellant's view that said check was an express offer to settle, and

thus it's introduction and use as evidence of liability violated FED.R.CRIM.EVID. 408. The Magistrate held that the check was in fact not an offer to settle, but rather money Appellant owed to Oschart. In so holding the Magistrate could have relied on the testimony of the former prosecutor of the case, who testified that at no time was any payment suggested in lieu of charges. The former prosecutor of the case stated that the check was "definitely not a settlement." The Court cannot say that this determination is clearly erroneous.

■ Appellant's fifth and final issue on appeal alleges that he was unfairly sentenced to the maximum term of incarceration. He cites several reasons for this conclusion. However, the Magistrate had the discretion of sentencing Appellant to a term not to exceed six months. Appellant was found to have had more than enough money to pay child support, yet refused or failed to pay on a consistent basis. The Court sees no reason to upset the Magistrate's decision on the issue either.[3]

## CONCLUSION

In accordance with the above discussion, Appellant's appeal is DENIED and the sentence and fine are AFFIRMED.

**IT IS SO ORDERED.**

---

**3.** Appellant contends that he was prejudiced by the pre-sentence report. However, Appellant withdrew his objection to the pre-sentence report prior to sentencing. The Magistrate pointed out that the law was clear and that Appellant violated that law. He mentioned the lack of remorse on the part of Appellant and Appellant's ability to pay the child support. No more is needed to sentence Appellant to six months in prison.